**UNITED STATES of America, Plaintiff–Appellee,**

v.

**George Christian CARR, Defendant–Appellant.**

**No. 93–50154.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 1, 1994.

Decided March 2, 1994.

Before: TANG, PREGERSON, and NOONAN, Circuit Judges.

PREGERSON, Circuit Judge:

## OVERVIEW

Appellant, George Christian Carr, was convicted of one count of armed bank robbery under 18 U.S.C. § 2113(a) & (d), and one count of using a firearm in committing a violent crime under 18 U.S.C. § 924(c)(1). He received a total sentence of 106 months. The primary issue on appeal is whether, over a defendant's objection, a federal magistrate judge has jurisdiction to preside over a court reporter's read-back to a jury of trial testimony in a felony trial. Appellant raises three additional issues, all of which lack merit: (1) whether the district court's decision to limit cross-examination of a key prosecution witness deprived appellant of his rights under the Confrontation Clause of the United States Constitution; (2) whether appellant was deprived of his Sixth Amendment right to effective assistance of counsel; and (3) whether the district court erred in its decision to deny a Rule 29 motion to dismiss the remaining deadlocked counts for insufficient evidence.

## BACKGROUND

Three bank robberies occurred from December 1991 through February 1992 in Orange County, California. Following the third robbery, Ernest Barragan, a bank employee, witnessed the robber enter a tan, four door Mercedes Benz, bearing license number "1NPW813." Police traced the license number to a car owned by appellant's wife.

Vernon Jolley (Argued), Anaheim Hills, California, and Gerald V. Scotti (Briefed), Beverly Hills, California, for the defendant-appellant.

Sally L. Meloch, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

At trial, witness Barragan testified that the car had the same license plate as the getaway-car used at the third robbery. Barragan testified that he initially noted the incorrect number by transposing "1NPW813" into "1NPW183." Although the district court limited some of Appellant's cross-examination of Barragan, defense counsel successfully inquired about the circumstances surrounding Barragan's change of recollection.

During deliberations, the jury requested a read-back of Barragan's testimony. The judge agreed but was unavailable to preside, so he appointed a federal magistrate judge to preside while the court reporter read back Barragan's testimony. The appellant objected to the court's decision to allow the magistrate judge to preside over the read-back. Nonetheless, the read-back proceeded with the magistrate judge presiding. The record reflects that the magistrate judge was not required to rule on any matter during the read-back.

The jury convicted the appellant for the third bank robbery and for one count of using a deadly weapon in the commission of a violent crime, but deadlocked on the remaining counts. The appellant made timely motions for a judgment of acquittal and for a new trial. Both motions were denied. The government's subsequent motion to dismiss the remaining counts without prejudice was granted.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We AFFIRM.

## ANALYSIS

### I. Jurisdiction of Federal Magistrate Judges

Appellant contends that the district court erred by allowing the federal magistrate judge, over appellant's objection, to preside over the court reporter's read-back of trial testimony to a jury in a felony trial. Appellant argues that a magistrate judge lacks jurisdiction to preside over a read-back of testimony to a jury in a felony trial. This is a question of law subject to *de novo* review. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

■ The jurisdiction of federal magistrate judges is governed by the Federal Magistrates Act. 28 U.S.C. § 636. Subsection (a)(3) of the Act authorizes magistrate judges to preside over federal misdemeanor trials provided that the defendant consents. *Gomez v. United States*, 490 U.S. 858, 871, 109 S.Ct. 2237, 2245, 104 L.Ed.2d 923 (1989) (*interpreting* 18 U.S.C. § 3401(b)). In addition, subsection (b)(3) provides that "[a] magis-

trate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." Though these additional duties are not defined, it is clear that Congress intended to restrict magistrate judges to "subsidiary matters" in felony cases. *Gomez*, 490 U.S. at 872–73, 109 S.Ct. at 2246. Thus, the critical issue for us is whether a magistrate judge's presiding over a read-back of trial testimony is a "subsidiary matter" in a felony jury trial.

Though no case is directly on point, authority exists to suggest that the read-back of trial testimony falls within the parameters of subsidiary matters. For example, in *United States v. Demarrias*, 876 F.2d 674 (8th Cir.1989), the Eighth Circuit held that a magistrate judge under the direction of a district judge had jurisdiction to preside over jury deliberations and accept a verdict, even though this responsibility required the magistrate judge to accept the jury's questions, communicate them to the absent judge, and communicate the judge's responses to the jury. *Id.* at 677. The court reasoned that the tasks assigned to the magistrate judge by the district judge fell within the ambit of a subsidiary matter. *Id.*

■ The magistrate judge here had even less responsibility. He was not required to interact or communicate with the jury. He merely presided as the read-back occurred. Therefore, we hold that presiding over the read-back of trial testimony in a felony jury trial is a subsidiary matter which a federal judge may properly assign to a magistrate judge.

### II. Remaining Issues

■ Appellant argues that the district court improperly restricted appellant's cross-examination of witness Barragan. A trial court's imposition of restrictions on cross-examination is reviewed for abuse of discretion. *United States v. Perkins*, 937 F.2d 1397, 1405 (9th Cir.1991).

■ Cross-examination is effective under the Sixth Amendment "as long as the jury receives sufficient information to appraise the biases and motivations of the witness."

*United States v. Feldman,* 788 F.2d 544, 554 (9th Cir.1986), *cert. denied,* 479 U.S. 1067, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987). The few limits placed by the district court in the present case did not deprive the jury of its ability to appraise "the biases and motivations of the witness."

■ Appellant also contends that he lacked effective assistance of counsel. This issue is more appropriately addressed in a habeas corpus proceeding because it requires an evidentiary inquiry beyond the official record. *United States v. Daly,* 974 F.2d 1215, 1218 (9th Cir.1992) (*citing United States v. Laughlin,* 933 F.2d 786, 788 (9th Cir.1991)).

■ Appellant finally argues that the district court erred by not granting his motion to dismiss for insufficiency of the evidence counts one through four over which the jury deadlocked. Our jurisdiction is limited to those matters in which a final decision of a district court has been entered. 28 U.S.C. § 1291. The denial of a motion for acquittal is not a final, appealable decision even after a hung jury mistrial. *See United States · v. Sehnal,* 930 F.2d 1420, 1424 (9th Cir.1991) (*citing United States v. Carnes,* 618 F.2d 68, 70 (9th Cir.1980)). We therefore lack jurisdiction to entertain the merits of this claim.

AFFIRMED.