UNITED STATES of America,
Plaintiff–Appellee,

v.

Leon Clifford FOSTER, Defendant–Appellant.

No. 89–10405.

United States Court of Appeals,
Ninth Circuit.

June 8, 1995.

Before: J. CLIFFORD WALLACE, Chief Judge, CECIL F. POOLE, Circuit Judge, and MALCOLM F. MARSH, District Judge.*

MARSH, District Judge:

On November 7, 1994, the United States Supreme Court vacated and remanded this case for further consideration in light of *United States v. Shabani*, —— U.S. ——, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994). In *Shabani*, the Court held that this court erroneously required proof of an overt act in order to sustain a drug conspiracy conviction under 21 U.S.C. § 846. Because our opinion of October 16, 1992 reversed and remanded defendant-appellant's conviction based upon the trial court's failure to instruct on the overt act element of a charge under § 846, our decision clearly can no longer stand in light of *Shabani*. Accordingly, the following constitutes our decision as to all issues raised but not addressed in our prior unpublished disposition. For the reasons which follow, we now affirm.

1. *Sufficiency of the Evidence: Conspiracy*

We review the sufficiency of the evidence to determine whether "reviewing the evidence in the light most favorable to the prosecution, any trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Reyes–Alvarado*, 963 F.2d 1184, 1187 (9th Cir.), *cert. denied* —— U.S. ——, 113 S.Ct. 258, 121 L.Ed.2d 189 (1992). To obtain a conspiracy conviction, the government must prove that a conspiracy existed, and then " 'need only prove a 'slight' connection between the defendant and the conspiracy.' " *United States v. Aichele*, 941 F.2d 761, 763 (9th Cir.1991) (citations omitted). Further, circumstantial evidence and inferences drawn therefrom will be sufficient to sustain a conviction. *Reyes–Alvarado*, 963 F.2d at 1187. Because defendant did not move for judgment of acquittal at the close of his case, this court reviews the sufficiency of the evidence arguments only for "plain error to prevent a

Michael R. Levine, Federal Public Defender, Portland, OR, for defendant-appellant.

Miguel Rodriguez, Asst. U.S. Atty., Sacramento, CA, for plaintiff-appellee.

* Honorable Malcolm F. Marsh, United States District Judge for the District of Oregon, sitting by designation.

miscarriage of justice." *United States v. Winslow,* 962 F.2d 845, 850 (9th Cir.1992).

■ In this case, this court has already found that the "government produced ample evidence from which the jury could infer the existence of an agreement" between Foster and his co-defendant Sandra Ward when it rejected Ward's appeal to the sufficiency of the evidence to support the same conspiracy count. Even though Foster may not have gathered together all of the materials necessary to manufacture methamphetamine at the time of his arrest, the jury could have found, based upon Ward's testimony, that he took significant steps towards that end by directing Ward to purchase precursor chemicals. This testimony was corroborated by circumstantial evidence such as the note found in Foster's wallet (referencing ephedrine), the firearm and O'Haus scale and baggies found in Foster's truck, and the vita-blend and 3.3 grams of methamphetamine seized from Foster's residences. Viewing the evidence in the light most favorable to the government, there was no plain error in finding that Foster and Ward conspired together to produce methamphetamine. Accordingly, defendant's challenge to the sufficiency of the evidence to support his conviction for conspiracy to manufacture methamphetamine is rejected.

2. *Sufficiency of the Evidence: 18 U.S.C. § 924(c)*

■ The essential elements of a § 924(c) violation are that the defendant (1) knowingly used or carried a firearm (2) during and in relation to a drug trafficking crime. *United States v. Martinez,* 967 F.2d 1343, 1346 (9th Cir.1992). A firearm is used "in relation to" a drug trafficking offense if it "facilitated or had a role in the crime." *Winslow,* 962 F.2d at 852. The firearm need not have been displayed, discharged or within the defendant's immediate reach at the time of the crime or arrest, but need only have been "available." *Id.* A firearm is considered "available" if "its physical proximity to the defendant at any time during the commission of the crime or arrest, supports an inference that it emboldened him to commit the underlying offense or resist arrest." *Id.*

The "mere presence" of a firearm at an arrest is insufficient to support a conviction under § 924(c). *United States v. Smith,* 962 F.2d 923, 931 (9th Cir.1992).

In this case, police discovered a loaded 9 mm semi-automatic firearm in the back of Foster's truck when they arrested him. The fact that the firearm was discovered in the back of the truck near a bucket which contained the O'Haus scale, baggies and handwritten notes with prices is circumstantial evidence that defendant used or carried the weapon in relation to activities relating to the manufacture of methamphetamine.

■ Viewing the evidence in the light most favorable to the government, there was no plain error in finding that Foster used or carried the firearm during and in relation to a plan to manufacture methamphetamine. Accordingly, defendants challenge to the sufficiency of the evidence to support his conviction on the § 924(c) charge is rejected.

3. *Voir Dire Regarding Prior Jury Service on "Drug" Cases*

■ We review the sufficiency of voir dire questions for "abuse of discretion." *United States v. Dischner,* 974 F.2d 1502, 1522 (9th Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 1290, 122 L.Ed.2d 682 (1993). Discretion is properly exercised if the questions are reasonably sufficient to test the jury for bias or partiality. *Id.*

Foster did not request a specific instruction about prior jury service on drug cases. Foster acknowledges that the trial court asked the panel questions about prior jury service and whether anything about that experience left them with any preconceived bias or ideas.

■ The questions asked by the trial court were sufficient to determine jury bias based upon prior jury service. The trial court did not abuse its discretion by failing to specifically ask jurors about prior experience in drug cases.

4. *Use of a Magistrate Judge to Accept the Verdict*

Foster contends that Magistrate Judge John Moulds acted in contravention of the

Magistrate's Act and Article III of the Constitution when he accepted the jury verdict without first obtaining defendant's informed consent. The government concedes that the parties were not given notice of the assignment to the magistrate judge, were never apprised of the fact that Judge Moulds was a magistrate nor was the defendant ever given the opportunity to consent or object.[1] This issue raises a question of law subject to *de novo* review. *United States v. Carr*, 18 F.3d 738, 740 (9th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 82, 130 L.Ed.2d 35 (1994).

The Federal Magistrates Act permits district courts to assign magistrate judges certain described duties, as well as any "additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(a), (b)(3). Congressional history specifically contemplates that acceptance of a jury verdict constitutes an "additional duty" under § 636(b)(3). H.R.Rep. No. 1609, 94th Cong., 2d Sess. 12, reprinted in 1976 U.S.Code Cong. & Admin-News 6162, 6172. Thus, we have no difficulty in concluding that acceptance of a jury verdict in a felony case constitutes an additional duty which may be assigned to a magistrate judge pursuant to § 636(b)(3).

The more difficult question however, is whether acceptance of a jury verdict constitutes a "subsidiary" or non-subsidiary matter. Congress indicated that "additional duties" should include "subsidiary matters in felony cases." *See Carr*, 18 F.3d at 740, *citing Gomez v. United States*, 490 U.S. 858, 872–73, 109 S.Ct. 2237, 2246–47, 104 L.Ed.2d 923 (1989). In *Carr*, we held that a magistrate judge may preside over a court reporter's read-back of trial testimony to a jury in a felony trial even over the defendant's timely objection. *Id.* We reasoned that because presiding over the read-back constituted a subsidiary matter, the assignment was proper even absent the defendant's express consent.

In contrast, in *NLRB v. A–Plus Roofing*, 39 F.3d 1410 (9th Cir.1994), we noted that the presence or absence of consent was the "most important factor" in determining what § 636(b)(3) encompasses. *Id.* at 1415. Based upon this maxim, we held that a magistrate judge's jurisdiction to conduct a misdemeanor trial depended upon the defendant's express written consent. *Id.* at 1415–16. Our holding was based in part upon our reading of *Peretz v. United States*, 501 U.S. 923, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991), in which the Court found that although voir dire was a "critical stage" of a criminal proceeding it could fall within the "additional duties" clause of § 636 if the defendant expressly consented to the procedure. *Id.* at 936, 111 S.Ct. at 2669.

Thus, under the analysis set forth in *Carr*, if we find that the acceptance and filing of a jury verdict constitutes a subsidiary additional duty, defendant's lack of informed consent is irrelevant. However, under *NLRB*, if we find that acceptance of the jury verdict constitutes a critical stage of the criminal proceeding, the absence of consent would mandate reversal.

In determining whether this additional duty constitutes a subsidiary matter, we consider the degree of responsibility conferred upon the magistrate judge as well as the extent of interaction between the judge and jury. *See Carr*, 18 F.3d at 740; *United States v. Demarrias*, 876 F.2d 674 (8th Cir. 1989) (magistrate judge who acted as a medium on telephone between judge and jury during deliberations and acceptance of verdict performed subsidiary duty). We are aware of only one decision directly confronting this issue. In *United States v. Johnson*, 962 F.2d 1308, 1312 (8th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 358, 121 L.Ed.2d 271 (1992), the court held that taking a jury verdict was not a critical stage of the trial such that the defendant's consent would be a necessary prerequisite to allowing a magistrate judge to assume the duty. The

1. Because the record is clear that the defendant did not know that Judge Moulds was not an Article III judge prior to or at the time of the return of the jury's verdict, we need not address the issue of waiver. *See United States v. Arnoldt*, 947 F.2d 1120, 1124 (4th Cir.1991) (defendant who failed to object after being apprised of assignment of acceptance of jury verdict by magistrate waived constitutional rights to Article III jurisdiction), *cert. denied*, 503 U.S. 983, 112 S.Ct. 1666, 118 L.Ed.2d 387 (1992).

court found that such a task was "ministerial," and in no way altered the outcome of trial. *Id.*

While it is somewhat troubling that the trial judge assigned the task of accepting the verdict to a magistrate judge without prior notice to the parties, the magistrate judge in this case did nothing more than accept and file the verdict. We agree with the Eighth Circuit that acceptance and filing of a verdict constitute ministerial tasks which have no effect on the outcome of the case. We express no opinion, however, on whether the parties' consent might be required if a magistrate judge is called upon to take any additional action (such as answering a jury question) while presiding over jury deliberations. Accordingly, we reject Foster's contentions that the assignment of a magistrate judge to preside over jury deliberations violated the Magistrate's Act or his constitutional rights under Article III.

### 5. Sentence Calculation

We accept a district court's findings of fact unless clearly erroneous and review the district court's application of the Sentencing Guidelines to those facts *de novo*. *Aichele*, 941 F.2d at 766. The capability of a drug operation is a factual issue which we review for clear error. *United States v. Bertrand*, 926 F.2d 838, 846 (9th Cir.1991).

Foster contends that the district court erred in relying upon chemicals seized to extrapolate a producible drug quantity of 19.5 kilograms of methamphetamine to determine his base offense level. Foster contends that the court should have looked only to the 3.3 grams of processed methamphetamine found in his residence.

Foster's argument is undermined by his own assertion that the drugs found in his residence were only a "user" quantity. Further, there was no allegation at trial that the 3.3 grams found in the residence were actually manufactured by Foster since he was only charged with possession of that amount. The evidence, when viewed in the light most favorable to the government, tends to show that Foster and Ward were in the process of gathering the necessary items together to produce methamphetamine and, in fact, probably did not produce the drugs found in the bedroom. Therefore, the court properly found that the drugs seized in the bedroom did not adequately reflect the scale of the conspiracy offense and thus, approximation from the chemicals seized was appropriate.

Defendant also objects to his sentence on the ground that U.S.S.G. § 2D1.4 and Application Note 2 to that section are unconstitutional as applied to his case. Defendant argues that § 2D1.4 deprives him of due process because it fails to give the court sufficient guidance for determining drug quantities where no actual lab is found and because it fails to require courts to make an additional finding that the amount of alleged production was both intended and foreseeable.

Several courts have upheld sentences where drug quantity was premised upon the amount of precursor chemicals seized from the lab site. *See e.g. United States v. Williams*, 989 F.2d 1061, 1072 (9th Cir.1993); *Aichele*, 941 F.2d at 766–67. This procedure has been approved even though production of a controlled substance would not have been possible at the time of arrest because all of the necessary equipment and chemicals were not present. *See e.g. Williams*, 989 F.2d at 1072; *Bertrand*, 926 F.2d at 846.

Although the decisions which have approved extrapolation of drug quantity from the amount of precursor chemicals seized have also involved the discovery of labs, none of these decisions is premised upon the existence of a lab. In *United States v. Leopard*, 936 F.2d 1138 (10th Cir.1991), the court specifically rejected the argument that an actual lab was required to trigger extrapolation under § 2D1.4. *Id.* at 1142; *see also United States v. Smallwood*, 920 F.2d 1231, 1236–37 (5th Cir.1991) (neither immediate nor ongoing lab production required to estimate lab capability), *cert. denied*, 501 U.S. 1238, 111 S.Ct. 2870, 115 L.Ed.2d 1035 (1991).

We find that the court correctly applied § 2D1.4 to determine the sentence in this case and that the trial court's findings regarding approximate drug quantities are not clearly erroneous.

### 6. *Court Reporter Delay*

Foster contends that his appellate process was delayed for twenty-six months due to the court reporter's failure to timely prepare and file complete trial transcripts.

Courts have recognized that extreme delay in processing an appeal may amount to a violation of due process. *United States v. Antoine*, 906 F.2d 1379, 1382 (9th Cir.), *cert. denied*, 498 U.S. 963, 111 S.Ct. 398, 112 L.Ed.2d 407 (1990). In considering such a challenge, we consider the following four factors: (1) the length of the delay; (2) the reasons for the delay; (3) defendant's assertion of his right to a timely appeal; and (4) the degree of prejudice to the defendant. *United States v. Tucker*, 8 F.3d 673, 676 (9th Cir.1993) (en banc), *cert. denied*, — U.S. ——, 114 S.Ct. 1230, 127 L.Ed.2d 574 (1994). A finding of prejudice, either through oppressive incarceration pending appeal or impairment of a defense or appeal, is mandatory to overturn a conviction on due process grounds. *Id.*

Of the twenty six month delay in originally processing this appeal, at least three months were due to Foster's delay in responding to our order that he comply with Fed.R.App.P. 10(c) and attempt to reconstruct the record. Assuming that the delay attributable to the government in this case was approximately two years, that is the same amount of time which we held was "substantial" in *Antoine*. The delay appears to be largely attributable to the court reporter, which is ultimately attributable to the government. *United States v. Wilson*, 16 F.3d 1027 (9th Cir.1994). Defendant clearly has persisted in asserting this appeal. Thus, the first, second and third elements of the due process test favor Foster.[2]

However, because we find the remainder of Foster's arguments on appeal to be without merit, *Tucker* dictates that we affirm Foster's conviction based upon the absence of any prejudice to his defense or appeal.

### 7. *Ineffective Assistance of Counsel*

Generally, "we will not review challenges to the effectiveness of defense counsel on appeal." *United States v. Laughlin*, 933 F.2d 786, 788 (9th Cir.1991). Most of Foster's claims of ineffective assistance fail because they are premised upon alleged errors rejected with this appeal. Thus, as to these issues, Foster cannot make the required showing of prejudice. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984) (defendant must show reasonable probability that but for counsel's errors outcome would have differed). Foster's remaining claims of ineffective assistance relate to the adequacy of counsel's pretrial investigation. Such issues are more appropriately reserved for habeas corpus proceedings where facts outside the record may be fully developed. *Laughlin*, 933 F.2d at 788.

Appellant's convictions for conspiracy to manufacture methamphetamine and for possession of a firearm are AFFIRMED.

---

**2.** Foster was released on bail following our original memorandum disposition vacating his conviction and remanding for a new trial on counts 1 and 2. Therefore, while the additional delays occasioned by the Supreme Court's mandate may have caused anxiety, Foster has not suffered the additional prejudice of incarceration pending this appeal.