**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Frank F. COLACURCIO, Sr.,**
**Defendant–Appellant.**

No. 95–30362.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 1996.

Decided May 17, 1996.

Floyd G. Short and Andrew R. Hamilton, Assistant United States Attorneys, Seattle, Washington, for the plaintiff-appellee.

Sheryl Gordon McCloud, Law Offices of Irwin H. Schwartz, Seattle, Washington, for the defendant-appellant.

Appeal from the United States District Court for the Western District of Washington; John C. Coughenour, District Judge, Presiding.

Before PREGERSON and TASHIMA, Circuit Judges, and JONES, District Judge*.

PREGERSON, Circuit Judge:

Defendant Frank F. Colacurcio appeals the district court's order revoking his probation in a felony case and sentencing him to 36 months imprisonment. A federal magistrate judge held a probation revocation hearing under a district court local rule without defendant's consent. After the hearing, the magistrate judge filed a report and recommendation, which the district court adopted. The district court had jurisdiction under 18 U.S.C. § 3231 (1996). We have jurisdiction under 28 U.S.C. § 1291 (1996).

We must decide whether a magistrate judge has authority under the Federal Magistrates Act, 28 U.S.C. § 636 (1996), to conduct a probation revocation hearing without defendant's consent. We reverse and remand. We hold that a magistrate judge has authority to conduct a probation revocation hearing only with defendant's consent and only for probation imposed in a misdemeanor case. On remand, the district court is instructed to conduct a new probation revocation hearing.

* The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation.

## BACKGROUND

The underlying facts are not in dispute. On April 12, 1991, the defendant plead guilty to a felony, aiding and assisting in the preparation and presentation of false corporate tax returns for 1984. The district court placed the defendant on probation for a period of five years. The probation order prohibited defendant from violating any federal, state, or local laws and from participating in the operations of various businesses, including the Talents West nightclub.

On May 16, 1995, defendant's probation officer filed a violation report with the district court. The report alleged that the defendant had violated his probation by being involved with Talents West and also by committing the crime of "indecent liberties" under Washington law.

An evidentiary hearing was set before a magistrate judge under the Western District of Washington's Local Rule 9(f). The defendant filed written objections to the magistrate judge conducting the hearing and requested a hearing before the district court. Defendant's request was denied, and the magistrate judge conducted a hearing to decide whether defendant had violated the conditions of his probation.

At the hearing, both the government and the defendant presented about three hours of conflicting testimony. The magistrate judge resolved the credibility issues in favor of the government and recommended to the district court that defendant's probation be revoked. The magistrate judge filed his report and recommendation with the district court.

In district court, the defendant objected to the magistrate judge's report and recommendation. The defendant maintained that the district court was required to conduct a new hearing and make its own determination whether the defendant had violated his probation. The district court, however, adopted the magistrate's factual findings, without conducting an evidentiary hearing of its own, revoked defendant's probation, and sentenced him to 36 months in prison. This appeal followed.

## STANDARD OF REVIEW

Whether the district court's delegation of authority to a magistrate judge to conduct a probation revocation hearing is proper under the Federal Magistrates Act and Article III of the U.S. Constitution raises questions of law subject to de novo review. *See United States v. Foster,* 57 F.3d 727, 731 (9th Cir.1995); *United States v. Carr,* 18 F.3d 738, 740 (9th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 82, 130 L.Ed.2d 35 (1994).

## DISCUSSION

The authority of federal magistrate judges is limited to those matters authorized by Congress. As we recently explained:

> [F]ederal magistrates are creatures of statute, and so is their jurisdiction. We cannot augment it; we cannot ask them to do something Congress has not authorized them to do. We need not and must not reach the constitutional question if we can first determine that the magistrate had no statutorily-created jurisdiction to handle the referral we gave it.

*NLRB v. A–Plus Roofing, Inc.,* 39 F.3d 1410, 1415 (9th Cir.1994).

Thus, we must begin with the Federal Magistrates Act (the "Act"), 28 U.S.C. § 636, which establishes the jurisdiction of federal magistrate judges. To determine whether magistrate judges have authority to conduct probation revocation hearings, we must construe two separate provisions of the Act, § 636(a)(3), which grants magistrate judges authority over misdemeanor cases, and § 636(b)(3), which grants magistrate judges authority over "additional duties." 28 U.S.C. § 636.

### A. Authority under 28 U.S.C. § 636(a)(3).

Section 636(a)(3) provides, in relevant part, that a magistrate judge has "the power to conduct trials under section 3401, title 18, United States Code, in conformity with and subject to the limitations of that section." 28 U.S.C. § 636(a)(3). Therefore, to determine what authority magistrate judges have under 28 U.S.C. § 636(a)(3), we must look to 18 U.S.C. § 3401.

Section 3401 grants magistrate judges authority over misdemeanor cases *only* subject to defendant's consent:

Any person charged with a misdemeanor may elect, however, to be tried before a judge of the district court for the district in which the offense was committed. The magistrate shall carefully explain to the defendant that he has a right to trial, judgment, and sentencing by a judge of the district court.... The magistrate *shall not* proceed to try the case unless the defendant, after such explanation, files a written *consent that specifically waives trial, judgment, and sentencing* by a judge of the district court.

18 U.S.C. § 3401(b) (1996) (emphasis added).[1] In addition, subsection (d) specifically provides that a magistrate judge *only* has authority "to revoke, modify, or reinstate the probation of any person *granted probation by a magistrate judge.*" 18 U.S.C. § 3401(d) (emphasis added).

■ Thus, under a plain reading of 18 U.S.C. § 3401, a magistrate judge has authority to conduct a probation revocation hearing only if the following three conditions are satisfied: (1) defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a magistrate judge; and (3) the defendant initially was sentenced by a magistrate judge.

■ These three conditions have not been satisfied in this case. Defendant's probation was imposed for a felony. There is no evidence that the defendant consented to trial, judgment, and sentence by a magistrate judge. The defendant was sentenced to probation by the district court. In these circumstances, the magistrate judge did not have authority under 28 U.S.C. § 636(a)(3) and 18 U.S.C. § 3401 to conduct defendant's probation revocation hearing.

■ The fact that the district court conducted an independent review of the magistrate judge's report and recommendation before making the decision to revoke defendant's probation does not cure the problem that the probation revocation hearing was conducted without defendant's consent. As we have previously recognized, the statute explicitly provides that a defendant must consent to a magistrate judge handling *all* phases of a criminal proceeding: "trial, judgment, and sentencing." *A–Plus Roofing,* 39 F.3d at 1416 (quoting 18 U.S.C. § 3401(b)). An independent review by the district court of a magistrate judge's report and recommendation "does not grant United States magistrates the power to conduct ... non-consensual criminal" hearings and trials. *Id.*

The circumstances in *A–Plus Roofing* are analogous to this case. There, we referred a petition for civil and criminal contempt to a magistrate judge in a case in which an employer had disregarded an order from this court enforcing an NLRB order. *A–Plus Roofing,* 39 F.3d at 1414. After conducting a hearing on the contempt motion, the magistrate judge filed his report and recommendation with this court. *Id.* The employer objected to the magistrate's report and recommendation, arguing that the magistrate judge did not have authority under the Federal Magistrates Act to conduct a *criminal* contempt hearing. *Id.*

We agreed and held that a magistrate judge only has authority under 18 U.S.C. § 3401 to conduct a criminal evidentiary hearing with defendant's consent. *A–Plus Roofing,* 39 F.3d at 1416.[2] As we explained:

Even though it is *we* who would render judgment and, if necessary, sentence Wesson, that involvement does not cure the fact that the trial itself [the criminal con-

---

1. *See also Gomez v. United States,* 490 U.S. 858, 871, 109 S.Ct. 2237, 2245, 104 L.Ed.2d 923 (1989) ("the magistrate's criminal trial jurisdiction depends on the defendant's specific, written consent"); *United States v. Neville,* 985 F.2d 992, 999 (9th Cir.) ("[m]agistrate judge jurisdiction over misdemeanants is conditioned on consent of the parties"), *cert. denied,* 508 U.S. 943, 113 S.Ct. 2425, 124 L.Ed.2d 646 (1993).

2. But we held in *A–Plus Roofing* that the magistrate judge did have authority to conduct the civil contempt hearing. 39 F.3d at 1417. Under 28 U.S.C. § 636(b)(2), magistrate judges can be used as special masters in civil matters. *Id.*

tempt hearing] was conducted by a magistrate without Wesson's consent.... [Al-though our referral did not grant to the magistrate judge the power to enter judgment, we did permit him to conduct a criminal trial. However, a "magistrate's criminal trial jurisdiction depends on the defendant's specific, written consent." ... No specific, written consent was obtained. Therefore, the magistrate had no jurisdiction, and we cannot rule based on his recommendations.

*Id.*

Similarly, here we hold that the magistrate judge did not have authority to conduct a probation revocation hearing, and that, as a result, the district court could not adopt the magistrate's report and recommendation. A probation revocation hearing is, for all practical purposes, a trial to determine whether a ·defendant has violated his probation. Because the outcome of the probation revocation hearing will affect defendant's sentence, the magistrate judge must obtain defendant's consent before conducting the revocation hearing.

The Supreme Court's recent decisions on the Federal Magistrates Act further compel this conclusion. *See Peretz v. United States,* 501 U.S. 923, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991); *Gomez v. United States,* 490 U.S. 858, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989). In *Peretz* and *Gomez,* the Supreme Court recognized that in expanding the magistrates' authority over civil and criminal matters Congress repeatedly has required the consent of the parties. *Peretz,* 501 U.S. at 931, 111 S.Ct. at 2666; *Gomez,* 490 U.S. at 870, 109 S.Ct. at 2245. As the Supreme Court observed in *Gomez:*

> A critical limitation on this expanded jurisdiction is consent. As amended in 1979, the Act states that "neither the district judge nor the magistrate shall attempt to persuade or induce any party to consent to reference of any civil matter to a magistrate." 93 Stat. 643, 28 U.S.C. § 636(c)(2). In criminal cases, the Government may petition for trial before a district judge. "Defendants charged with misdemeanors can refuse to consent to a magistrate and thus effect the same removal," S.Rep. No.

96–74, p. 7 (1979), for the magistrate's criminal trial jurisdiction depends on the defendant's specific, written consent.

490 U.S. at 870–871, 109 S.Ct. at 2245 (footnotes omitted). Because the defendant in this case never consented to being tried by a magistrate judge, the magistrate judge did not have authority under the Federal Magistrates Act to conduct a probation revocation hearing.

### B. The Subsection (i) Amendment to 18 U.S.C. § 3401.

Despite the unambiguous language in 18 U.S.C. § 3401 requiring defendant's consent before a magistrate judge can conduct a probation revocation hearing, the government contends that, through a recent amendment, Congress granted magistrate judges authority to conduct probation revocation hearings without defendant's consent. In 1992, Congress added two new subsections dealing with supervised release to 18 U.S.C. § 3401. Federal Courts Administration Act of 1992 ("1992 Administration Act"), Pub.L. 102–572, § 301, 1992 U.S.C.C.A.N. (106 Stat.) 4506, 4507 (codified at 18 U.S.C. § 3401(h)–(i)).

Subsection (h) provides that a "magistrate judge shall have power to modify, revoke, or terminate supervised release of any person sentenced to a term of supervised release by a magistrate judge." In addition, subsection (i) provides:

> A district judge may designate a magistrate judge to conduct hearings to modify, revoke, or terminate *supervised release,* including evidentiary hearings, and to submit to the judge proposed findings of fact and recommendations for such modification, revocation or termination by the judge, including, in the case of revocation, a recommended disposition under section 3583(e) of this title.

18 U.S.C. § 3401(i) (emphasis added). Section 3583(e) specifically relates to supervised release. 18 U.S.C. § 3583(e).

The government asserts that, because there is no real distinction between supervised release and probation, Congress meant both supervised release and probation when using the term "supervised release" in sub-

sections (h) and (i). The government cites to two cases, *United States v. Carper,* 24 F.3d 1157 (9th Cir.1994); *United States v. Crane,* 979 F.2d 687, 690 (9th Cir.1992), in support of its assertion. These cases, however, do not stand for the proposition that probation and supervised release should be treated the same.

We decided *Crane* before Congress added subsection (i) to 18 U.S.C. § 3401. *Crane* says nothing about whether supervised release and probation mean the same thing. The defendant in *Crane* challenged a magistrate judge's revocation of his sentence for supervised release. 979 F.2d at 688. The defendant argued that the magistrate judge did not have authority to revoke his supervised release because 18 U.S.C. § 3401 did not explicitly provide that a magistrate judge could revoke supervised release. *Id.* at 689. We rejected defendant's argument and held that a magistrate judge has authority to revoke a defendant's supervised release, *so long as* the defendant consents to being tried and sentenced by a magistrate judge. *Id.* at 690. However, because the defendant in this case never consented to the magistrate judge conducting his probation revocation hearing, *Crane* is inapposite.

*Carper* also does not help the government. In *Carper,* we noted that our holding—that defendant had a right to allocution under Federal Rule of Criminal Procedure 32(a)(1)(C) before a *district court* could revoke his sentence for supervised release— would not change if probation were involved. 24 F.3d at 1158 n. 2. Nothing we said in *Carper* suggests that supervised release and probation are interchangeable.

█ The terms "supervised release" and "probation" are not interchangeable. In fact, Congress has treated them separately under

different statutes. Supervised release is governed by 18 U.S.C. § 3583 and, like parole, is imposed after imprisonment. Probation, in contrast, is governed by 18 U.S.C. §§ 3561–3566 and usually is imposed in lieu of imprisonment.

The fact that Congress referenced only the statute governing supervised release under subsection (i) of § 3401 means that Congress intended subsection (i) to apply only to supervised release. Had Congress intended to grant magistrate judges the authority to conduct revocation hearings for probation under subsection (i), Congress would have referenced the statutes governing probation. Because Congress did not do so, we read subsections (h) and (i) as only providing authority for magistrate judges to conduct evidentiary hearings to revoke supervised release.

The legislative history supports this reading of subsection (i). According to the House Judiciary Committee's Report, the purpose for adding subsections (h) and (i) to 18 U.S.C. § 3401 was to overrule *United States v. Williams,* 919 F.2d 266 (5th Cir.1990), which held that, even though magistrate judges have explicit authority to revoke a defendant's probation under § 3401(d), they lacked authority under § 3401 to revoke the supervised release of a defendant.[3] H.R. No. 102–1006, 102nd Cong., 2d Sess. (1992), *reprinted* in 1992 U.S.C.C.A.N. (138 Stat.) 3921, 3927–3928.

Moreover, when Congress added subsections (h) and (i), magistrate judges already had authority under § 3401(d) to revoke a defendant's probation. *See* 18 U.S.C. § 3401(d). In fact, in 1992, Congress also amended subsection (d). 1992 Administration Act, U.S.C.C.A.N. at 4507.[4] Thus, to

---

3. As discussed above, in *United States v. Crane,* we declined to follow *Williams.* As we explained in *Crane:* "where, as here, a defendant has *consented* to trial, judgment *and* sentencing before a United States magistrate judge pursuant to 18 U.S.C. § 3401, the magistrate judge has jurisdiction to impose and to revoke a term of supervised release in accordance with 18 U.S.C. § 3583(a) and (e)." 979 F.2d at 690 (emphasis added). As noted above, however, the defendant in this case has not ever consented to trial, judgment, or sentencing by a magistrate judge.

4. Section 3401(d) provided: "The probation laws shall be applicable to persons tried by a magistrate under this section, and such officer shall have power to grant probation and to revoke or reinstate the probation of any person granted probation by him." 18 U.S.C. § 3401(d). This section was amended to provide explicitly that a magistrate judge also had authority to "modify" a defendant's probation. 1992 Administration Act, U.S.C.C.A.N. (106 Stat.) at 4507. Section 3401(d) now reads: "The probation laws shall be applicable to persons tried by a magistrate under

construe subsections (h) and (i) as granting a magistrate judge separate authority to conduct probation revocation hearings would render § 3401(d) meaningless. As we have stated before, we cannot construe "one provision ... in a way which is internally contradictory or that renders other provisions of the same statute inconsistent or meaningless." *United States v. Powell,* 6 F.3d 611, 614 (9th Cir.1993).

Even assuming that somehow we could read subsections (h) and (i) as granting magistrate judges separate authority under § 3401 to conduct probation revocation hearings, we still would require defendant's consent. Although subsection (i) does not explicitly require defendant's consent, we must construe provisions of a statute "in context of the statute as a whole and with regard to its object in policy." *Crane,* 979 F.2d at 690. *See also Tellis v. Godinez,* 5 F.3d 1314, 1316 (9th Cir.1993), *cert. denied,* — U.S. —, 115 S.Ct. 354, 130 L.Ed.2d 309 (1994) (stating that a "statute is to be read as a whole, since the meaning of statutory language, plain or not, depends on context"). Because Congress placed subsections (h) and (i) in § 3401, we conclude that Congress intended subsection (b), which requires defendant's consent, to apply to hearings conducted under subsections (h) and (i). There is simply no evidence in the legislative history that Congress meant to dispense with the consent requirement under subsection (b) when it added subsections (h) and (i) to the statute.

## C. Authority under the "catch-all" provision of 28 U.S.C. § 636(b)(3).

We now turn to 28 U.S.C. § 636(b)(3), to determine whether this "catch-all" provision grants magistrate judges the statutory authority to conduct probation revocation hearings. Section 636(b)(3) provides that "[a] magistrate may be assigned such *additional duties* as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3) (emphasis added). We, therefore, must determine whether probation revocation hearings are "additional duties" within the meaning of § 636(b)(3).

The Supreme Court has suggested that 28 U.S.C. § 636(b)(3) should be construed narrowly. As the Supreme Court explained in *Gomez:*

> The district court retains the power to assign to magistrates unspecified "additional duties," subject only to conditions or review that the court may choose to impose. By a literal reading this additional duties clause would permit magistrates to conduct felony trials. But the carefully defined grant of authority to conduct trials in civil matters and of minor criminal cases should be construed as an implicit withholding of the authority to preside at a felony trial. The legislative history, with its repeated statements, that magistrates should handle subsidiary matters to enable district judges to concentrate on trying cases, and its assurances that magistrates' adjudicatory jurisdiction had been circumscribed in the interests of policy as well as constitutional constraints, confirms this inference.

490 U.S. at 871–872, 109 S.Ct. at 2246 (footnotes omitted).

■ With this cautionary note in mind, we follow the Sixth and Seventh Circuits and conclude that a magistrate judge does not have authority under 28 U.S.C. § 636(b)(3) to conduct probation revocation hearings without defendant's consent. *United States v. Curry,* 767 F.2d 328 (7th Cir.1985); *Banks v. United States,* 614 F.2d 95 (6th Cir.1980). As the Sixth Circuit explained:

> [T]he legislative history suggests that this provision was meant to apply only to procedural and administrative matters.... In our view, a probation revocation hearing was not meant to be included as one of the duties which could be delegated to a magistrate. The revocation hearing, while informal, necessarily requires fact-finding and credibility assessment. The issues adjudicated at the hearing are not procedural or administrative and do not turn on pure matters of law.

---

this section, and such officer shall have power to grant probation and to revoke, modify, or rein-

state the probation of any person granted probation by a magistrate judge."

*Id.* at 97–98 (citing H.R. No. 1609, 94th Cong., 2d Sess. 12 (1976), *reprinted* in 1976 U.S.C.C.A.N. 6162, 6172)).

Our conclusion is also compelled by our recent decisions interpreting 28 U.S.C. § 636(b)(3). In *Carr*, we held that in a felony case defendant's consent is *not* required only where the magistrate judge is handling "subsidiary matters." 18 F.3d at 740 (citing *Gomez*, 490 U.S. at 872–873, 109 S.Ct. at 2246–2247). In *Foster*, we held that, where a magistrate judge is handling a "critical stage" of a criminal proceeding, defendant's consent is required to fall within the "catchall" provision of § 636(b)(3). 57 F.3d at 731 (citing *A–Plus Roofing*, 39 F.3d at 1415).

There is no question that a probation revocation hearing is a "critical stage" of a criminal proceeding. As discussed above, a probation revocation hearing seriously affects the defendant's rights—the defendant's probation may be revoked and a jail sentence may be imposed. *See, e.g., A–Plus Roofing*, 39 F.3d at 1415. In this case, the magistrate judge concluded, after conducting a contentious three-hour hearing, that the defendant had committed "indecent liberties," which is a crime under Washington law, and that the defendant had violated the special conditions of his probation. Thus, a probation revocation hearing *cannot* be considered a "ministerial task which ha[s] no effect on the outcome of the case." *Foster*, 57 F.3d at 732.

Even assuming that a probation revocation hearing could be considered a "subsidiary matter," we must still conclude that Congress did not intend to delegate probation revocation hearings to magistrate judges as an "additional duty" under 28 U.S.C. § 636(b)(3). The "additional duty" provision cannot be interpreted in such a way as to swallow up the whole statute. Congress intended the authority for probation revocation hearings to be prescribed and limited by § 636(a)(3) not § 636(b)(3). As we explained in *A–Plus Roofing*:

... [Section] 636(a)(3) expressly addresses the issue of magistrates' criminal trial jurisdiction, subject to certain conditions. It is a well-settled canon of statutory interpretation that specific provisions prevail over general provisions.... If we read the § 636(b)(3) catchall section as including those criminal ... [matters] that § 636(a)(3) excludes, we nullify § 636(a)(3)'s exclusions and violate each of these canons.

39 F.3d at 1415 (citations omitted).[5]

Moreover, further assuming that probation revocation hearings could be delegated to magistrate judges as "additional duties" under § 636(b)(3), we would still require defendant's consent to eliminate the constitutional problems that arise from having a non-Article III judge preside over a critical stage of a criminal case. As the Supreme Court recognized in *Peretz*:

[T]he defendant's consent significantly changes the constitutional analysis.... [W]e have no trouble concluding that there is no Article III problem when a district court judge permits a magistrate to conduct voir dire in accordance with defendant's consent. The absence of any constitutional difficulty removes one concern that motivated us in *Gomez* to require *unambiguous* evidence of Congress's intent to include jury selection among a magistrate's additional duties. Petitioner's consent also eliminates our concern that a general authorization should not lightly be read to deprive a defendant of any important privilege.

501 U.S. at 932, 111 S.Ct. at 2667.

We also have recognized that "[t]he right to adjudication before an Article III judge is an important constitutional right." *Neville*, 985 F.2d at 999 (construing 18 U.S.C. § 3401). But we have also recognized that a defendant can waive this constitutional right by consenting to being tried and sentenced by a magistrate judge. *Id.* at 1000. Because

5. *See also Peretz*, 501 U.S. at 955, 111 S.Ct. at 2679 (Scalia, J. dissenting) ("By specifically authorizing magistrates to perform duties in civil and misdemeanor trials, and specifying the manner in which parties were to express their consent in those situations, the statute suggested *absence* of authority to preside over felony trials through some (unspecified) mode of consent. The cannon of *ejusdem generis* keeps the 'additional duties' clause from swallowing up the rest of the statute.'").

the defendant in this case never consented to being tried by a magistrate judge, the district court violated defendant's constitutional right to having an Article III judge preside over his probation revocation hearing.

## CONCLUSION

As set forth above, magistrate judges do not have authority under the Federal Magistrates Act to conduct a probation revocation hearing without defendant's consent. Because we find that a probation revocation hearing "constitutes a critical stage of the criminal proceeding, the absence of consent ... mandate[s] reversal." *Foster,* 57 F.3d at 731. We, therefore, vacate the district court's order revoking defendant's probation and instruct the district court, on remand, to conduct a new probation revocation hearing for defendant.

REVERSED AND REMANDED.