86 F.3d 1165
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reynol VILLAREAL-MONTEMAYOR, Defendant-Appellant.
 No. 95-10307.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 13, 1996.
Decided May 23, 1996.
 
 Before: ALARCON, BEEZER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Reynol Villareal-Montemayor appeals his conviction for conspiracy to counterfeit and sell false alien registration cards and false Social Security cards, in violation of 18 U.S.C. §§ 371, 1546(a) and 42 U.S.C. § 408(a)(7)(c), and for aiding and abetting the counterfeiting and selling of false alien registration cards and false Social Security cards, in violation of 18 U.S.C. §§ 2, 1456(a) and 42 U.S.C. 408(a)(7)(c). We have jurisdiction, 28 U.S.C. § 1291, and affirm.
 
 
 3
 * A
 
 
 4
 Villareal argues that there was insufficient evidence to support his conviction of conspiracy to counterfeit and sell false alien registration cards and false Social Security cards because there is no evidence of his active involvement in the sale and counterfeiting of false documents and evidence that he referred the informant to "La Gallina" is not enough. We disagree, as there was evidence to support the existence of an unlawful agreement and Villareal's connection to it. United States v. Abushi, 682 F.2d 1289, 1293 (9th Cir.1982); United States v. Foster, 57 F.3d 727, 729 (9th Cir.1995).
 
 
 5
 Villareal testified that he operates a labor camp; that he is a crew leader for Kaprielian Brothers and that, as such, he is responsible for supplying laborers to the company, many of whom reside at his labor camp; that he is responsible for taking the laborers' alien registration cards and/or Social Security cards to the company for inspection, and only if the company approves the papers does it hire the laborers Villareal presents; and that he was acquainted with "La Gallina," whom he also knew by his real name, Miguel Gallegos-Lopez, and that "La Gallina" was one of the 40 laborers who resided at Villareal's labor camp. The confidential informant testified that when he approached Villareal looking for work and gave him an alien registration card bearing another person's photograph and a Social Security card bearing the name Armando Garcia-Ruiz, conceding to Villareal that the cards were "not good," Villareal told him that the cards were not well made and that someone by the name of "La Gallina" could make other cards with different lettering for $50. When the informant returned with the cash, Villareal instructed him to see "La Gallina," who drove the informant to a house in Monson, California, where, for $45, Florentino Gonzalez-Villa proceeded to photograph the informant and make a counterfeit alien registration card and Social Security card. When the informant showed Villareal the false cards, Villareal took them and registered the informant to work at the camp. From this evidence the jury could reasonably infer that Villareal and "La Gallina" acted in concert to counterfeit and sell the false documents.
 
 B
 
 6
 Villareal also argues that there was insufficient evidence to support his conviction of the substantive counts of aiding and abetting the counterfeiting and sale of false alien registration cards and false Social Security cards because the evidence consists only of his referring the informant to "La Gallina." Based on the evidence we have already summarized, the jury could find that Villareal acted as an intermediary between the laborers and his codefendants and instructed the informant to contact "La Gallina" for cards that looked authentic. This suffices to show that he assisted or participated in the crime, thus aiding and abetting the counterfeiting operation. United States v. Andrews, 75 F.3d 552, 555 (9th Cir.1996); cf. United States v. Portac, Inc., 869 F.2d 1288, 1293 (9th Cir.1989) ("one can aid and abet a conspiracy by bringing the parties together to enter into an illicit agreement," and sufficient evidence existed to convict of aiding and abetting bid rigging conspiracy where defendant was in contact with coconspirators before meeting, and urged them to agree on terms of sale), cert. denied, 498 U.S. 845 (1990).
 
 II
 
 7
 Villareal further argues that the district court erred in denying his motion for a new trial because "La Gallina" wasn't discovered until after new counsel interviewed him in February 1995; "La Gallina" was not in the United States at the time of Villareal's trial in December 1994; Villareal acted diligently to locate "La Gallina"; the newly discovered testimony corroborates Villareal's denial of his involvement and therefore is material and is not cumulative or impeaching; and a new trial would probably result in an acquittal.
 
 
 8
 We cannot say that the court erred in finding that Villareal was in large part responsible for "La Gallina's" purported absence during the trial, and thus that the criteria for granting a new trial on the ground of newly discovered evidence were not met. Fed.R.Crim.Pro. 33; United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991). Villareal refused to identify "La Gallina" to the government agents during the raid, despite the fact that "La Gallina" was standing in front of Villareal while the agents asked where "La Gallina" was. This enabled "La Gallina" to evade government detection. In addition, the district court found that "La Gallina" was in fact in Los Angeles during Villareal's trial in Fresno. There is no evidence that either Villareal or his attorney acted diligently in trying to find him. Accordingly, the district court did not abuse its discretion in denying the motion for a new trial. United States v. McKinney, 952 F.2d 333, 335 (9th Cir.1991).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3