59 F.3d 177
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Eric Germaine TURNER, Defendant-Appellant.
 No. 94-50198.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 12, 1995.
 
 Before: O'SCANNLAIN, LEAVY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eric Germaine Turner appeals his conviction and 87-month sentence imposed following a jury trial for bank robbery, in violation of 18 U.S.C. Sec. 2113(a). Turner contends: (1) he received ineffective assistance of counsel because his attorney failed to challenge pretrial identification procedures; and (2) the district court erred by failing to resolve factual disputes as required by Fed.R.Crim.P. 32. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Ineffective Assistance of Counsel
 
 
 4
 Turner contends that his trial attorney rendered ineffective assistance of counsel because he failed to file a motion to suppress evidence of pre-trial identification procedures which were impermissibly suggestive.
 
 
 5
 In general, challenges to a conviction based upon ineffective assistance of counsel are made through collateral attack, which provides an opportunity for an "evidentiary inquiry beyond the official record." United States v. Carr, 18 F.3d 738, 741 (9th Cir.), cert. denied, 115 S.Ct. 82 (1994). We do not address such claims on direct appeal unless the record is sufficiently developed to allow resolution of the issue, or unless assistance is so obviously inadequate as to violate a defendant's right to counsel. United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1993).
 
 
 6
 Here, trial counsel has had no opportunity to explain his decision not to file a motion to suppress the pre-trial identification of Turner. See Daly, 974 F.2d at 1218. We conclude that the record is insufficient to allow us to adequately evaluate the effectiveness of Turner's counsel and that it is more appropriately left for collateral review under 28 U.S.C. Sec. 2255. See id.
 
 II
 Alleged Violation of Rule 32
 
 7
 Turner contends the district court sentenced him in violation of Rule 32 because it failed to resolve factual disputes he raised regarding the presentence report ("PSR"). See Fed.R.Crim.P. 32(c)(3)(D). Specifically, Turner contends that the court failed to address his claim that he should receive a downward adjustment because he was a minor participant in the bank robbery.
 
 
 8
 In the absence of exceptional circumstances, issues not raised at sentencing are waived and not preserved for appeal. See United States v. Smith, 905 F.2d 1296, 1302 (9th Cir.1990).
 
 
 9
 Here, Turner initially entered a plea of guilty of February 26, 1993 and a PSR was prepared on April 22, 1993. Turner filed objections to this PSR on March 5, 1993, in which he argued that he should receive a downward adjustment for his minor role in the bank robbery. On July 19, 1993, the district court ordered that Turner's guilty plea be withdrawn and a bench trial was held beginning on November 3, 1993. The district court declared a mistrial two days later, and a jury trial commenced before a different judge on January 4, 1994.
 
 
 10
 Turner was convicted three days later and a second PSR was disclosed on February 10, 1994. Turner filed objections to the second PSR but did not request a minor role adjustment either in his memoranda or at the sentencing hearing. On March 28, 1994, the district court sentenced Turner to 87 months imprisonment. Because Turner failed to raise the minor role adjustment at sentencing, the issue was not before the sentencing court, and is therefore waived on appeal. See Smith, 905 F.2d at 1302 (defendant waived the issue of a downward adjustment for minor participation on appeal because he failed to raise it in the district court); see also United States v. Lujan, 936 F.2d 406, 412 (9th Cir.1991) (defendant waived sentencing issues on appeal where he failed to raise factual disputes in district court).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3