106 F.3d 410
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Escobar QUIROZ, Defendant-Appellant.
 No. 95-10537.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 23, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan Escobar Quiroz appeals his jury conviction and sentence for one count of criminal conspiracy to import narcotics in violation of 21 U.S.C. §§ 952, 963 and six counts of importation of a controlled substance in violation of 21 U.S.C. § 952(a), 960.
 
 
 3
 Pursuant to Anders v. California, 386 U.S. 738 (1967), counsel for Quiroz filed a brief stating that he finds no meritorious issues for review. Quiroz's counsel also filed a motion to withdraw as counsel of record. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's judgment and grant counsel's motion to withdraw.
 
 
 4
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no further issues for review. Any challenges to counsel's effectiveness are better made through collateral attack, which provides an opportunity for an "evidentiary inquiry beyond the official record." United States v. Carr, 18 F.3d 738, 741 (9th Cir.1994) (cert. denied, 115 S.Ct. 82).
 
 
 5
 Counsel's motion to withdraw is GRANTED and the judgment is AFFIRMED.[1]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Quiroz's motions for "withdrawal of the Anders brief," and for appointment of substitute counsel are denied. We note, moreover, that although Quiroz was given an extension of time to file a supplemental brief, he has failed to do so at this time. Accordingly, Quiroz's motion to proceed pro se is denied