145 F.3d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
ROBERT STEVEN MANNING, Defendant-Appellant.
 No. 96-50086.
D.C. No. CR-88-00563-DT.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998.**
Decided May 18, 1998.
 
 Appeal from the United States District Court for the Central District of California, Dickran M. Tevrizian, District Judge, Presiding.
 Before SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Steven Manning appeals the sentence imposed following this court's remand for resentencing. Pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Manning's counsel submitted a brief stating that he finds no meritorious issues for review. Manning has filed a supplemental pro se brief. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The only issue counsel identifies is whether the scope of the district court's authority on remand allowed it to reexamine other sentencing issues in addition to modifying Manning's parole eligibility date. Because this court expressly limited the district court's authority by remanding solely "for the district court to correct Manning's parole eligibility date," the court was without authority to reexamine any other sentencing issues on remand. See United States v. Pimentel, 34 F.3d 799, 800 (9th Cir.1994).
 
 
 4
 In his pro se supplemental brief, Manning contends that the district court erred by determining his parole eligibility date under 18 U.S.C. § 4205(a), rather than under 18 U.S.C. § 4205(b)(1). The substance of Manning's argument is that the district court imposed too harsh a punishment under section 4205(a) by finding that he was ineligible for parole until he served ten years of his life sentence. We disagree.
 
 
 5
 Under section 4205(a), a "person sentenced to life imprisonment must become eligible for parole no later than ten years after the commencement of incarceration." United States v. Kinslow, 860 F.2d 963, 969 (9th Cir.1988); see 18 U.S.C. § 4205(a) (1985) (repealed 1987). However, section 4205(b)(1) allows the district court to use its discretion in setting a minimum term for parole eligibility when the defendant has been sentenced to a term of years. See 18 U.S.C. § 4205(b)(1) (1985) (repealed 1987); United States v. Gwaltney, 790 F.2d 1378, 1388-89 (9th Cir.1986).
 
 
 6
 Although the district court had the authority to impose a parole eligibility date earlier than the ten-year maximum set forth in section 4205(a), it was not required to do so. See 18 U.S.C. §§ 4205(a) & (b); Kinslow, 860 F.2d at 969. Manning has provided no basis which would entitle him to be sentenced to an earlier parole date, and has failed to show how the district court abused its discretion by not doing so. See id.; see also United States v. Monaco, 852 F.2d 1143, 1151 (9th Cir.1988) (reviewing only for abuse of discretion when sentence is within statutory limits).
 
 
 7
 Manning also contends that counsel was ineffective on several grounds. These challenges to counsel's effectiveness are better made through collateral attack, which provides an opportunity for an "evidentiary inquiry beyond the official record." See United States v. Carr, 18 F.3d 738, 741 (9th Cir.1994).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3