**Michael Wayne ALLEN,
Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

No. 90–5303.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 21, 1990.

Decided Dec. 10, 1990.

Michael Wayne Allen, Terre Haute, Ind., pro se.

J. Kirk Griggs, II, Lexington, Ky., for petitioner-appellant.

James E. Arehart, Asst. U.S. Atty., Louis DeFalaise, U.S. Atty., Charles L. Dause, Asst. U.S. Atty., Office of U.S. Atty., Lexington, Ky., David P. Grise, Asst. U.S. Atty., Office of U.S. Atty., Louisville, Ky., for respondent-appellee.

Before KEITH and MILBURN, Circuit Judges, and ZATKOFF, District Judge.*

ZATKOFF, District Judge, delivered the opinion of the court.

Petitioner-appellant, Michael Wayne Allen, was indicted May 4, 1988 in the Eastern District of Kentucky and charged with conspiring to knowingly and intentionally possess with intent to distribute approximately 785 grams of cocaine in violation of 21 U.S.C. § 846; aiding and abetting his co-defendants, with knowingly and intentionally possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Thereafter, a superseding in-

---

* The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

dictment was returned against Allen and his co-defendants, reducing the amount of cocaine alleged to have been in his possession.

After a jury trial, Allen was convicted on Counts I and II of the superseding indictment and acquitted on Count III. On September 30, 1988, Allen was sentenced to 137 months on each Count, to run concurrently. On direct appeal to the Sixth Circuit, Allen's conviction was upheld. 884 F.2d 580.

On October 24, 1989, Allen then filed a motion under 28 U.S.C. § 2255 claiming, first, that his sentence should be vacated because a magistrate was used to read the jury instructions. Second, Allen asserts ineffective assistance of counsel because his counsel failed to object to the magistrate reading the jury instructions.

The petition was referred to a magistrate for a report and recommendation and on December 6, 1989, United States Magistrate Joseph M. Hood recommended that Allen's § 2255 motion to vacate sentence be dismissed. Magistrate Hood concluded that the parties had not expressly objected to the procedure used by the district court judge. The magistrate also concluded that the record clearly indicated that the district judge had informed the jury that, although the magistrate would charge the jury, the instructions were, in fact, the judge's own instructions. On February 7, 1990, the district court adopted the Magistrate's Report and Recommendation and dismissed Allen's motion to vacate sentence under 28 U.S.C. § 2255. This appeal followed.

The Federal Magistrate's Act empowers district courts to delegate to magistrates certain described powers and listed duties. This includes "such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). Allen argues that the magistrate exceeded his delegated authority by instructing the jury without Allen's con-

sent. Allen asserts that his express waiver was required before the district judge could allow the magistrate to read the instructions.

Allen primarily relies on the case of *Gomez v. United States*, 490 U.S. 858, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989). In *Gomez*, the Supreme Court held that the Magistrate's Act did not authorize the magistrate to conduct voir dire and jury selection without the express consent of the parties. According to Allen, the magistrate could not adequately give jury instructions as to the law without being familiar with the facts of the case and the trial as it had progressed. Appellee contends that *Gomez* is distinguishable and, therefore, a reversal of Allen's conviction is not required. This Court agrees with appellee. For the reasons stated below, we AFFIRM the district court's denial of Allen's motion to vacate.

## I.

■ The use of a magistrate to conduct voir dire and jury selection is not the issue on appeal. In fact, Allen stipulated to the magistrate conducting voir dire.[1] Instead, Allen claims that the magistrate's reading of the final jury instructions and his counsel's failure to object constitute reversible error.

Allen's constitutional concerns may be valid if the magistrate was actually responsible for selecting the jury instructions or presiding over a hearing wherein objections and rulings were made on specific instructions. However, the magistrate did not perform this task. Before the magistrate was used to read the court's instructions, Judge Wilhoit addressed the jury and stated:

> Now after we come back, I have prepared the instructions as to the law of the case and I have gone over these instructions with the attorneys, the instructions of the law will be given before

---

1. On October 2, 1990, the U.S. Supreme Court heard arguments in case number 89–1363, *U.S. v. France*, 886 F.2d 223 (9th Cir.1989), *cert. granted*, — U.S. ——, 110 S.Ct. 1921, 109 L.Ed.2d 285. The question presented was

whether *Gomez v. U.S.* required reversal of a defendant's conviction where she and her attorney did not object to a magistrate's conducting voir dire.

the final arguments. That's all that remains to be done before the case is finally submitted to you.

I have asked the magistrate to deliver my instructions to you. And I want you to pay as close attention as if I were here because these are instructions that I prepared. But the magistrate will give the instructions. Then I will come back to the bench and preside over final arguments. That's all that remains to be done. But we'll recess for lunch now and come back at 1:30.

[R. 138: Tr. Trial, Vol. 2, at 423–24].

The magistrate made no decisions or rulings with respect to the instructions. Instead, the magistrate merely read the instructions which had already been prepared by the judge. Judge Wilhoit had previously gone over the instructions with the attorneys. The magistrate only performed the ministerial function of actually reading the final instructions to the jury. In addition, the importance of the instructions was in no way diluted by this procedure. The jury was informed that the instructions were those of the judge and not the magistrate. Judge Wilhoit told the jury to listen carefully to the magistrate read the instructions as if Judge Wilhoit himself were the one reading the instructions. As required, the ultimate authority and responsibility for making an informed final decision rested with the district judge. *United States v. Raddatz*, 447 U.S. 667, 100 S.Ct. 2406, 2415, 65 L.Ed.2d 424 (1980). Accordingly, the magistrate did not exceed his delegated authority.

Furthermore, the record is clear that Allen and his counsel were informed of Judge Wilhoit's intention to have Magistrate Cook read the district court's instructions to the jury. Despite the court's specific request to do so, the parties failed to expressly object to the procedure outlined by the judge. Allen's trial counsel, C. William Swinford, submitted an affidavit indicating that he informed Allen of Allen's right to object to the judge's use of a magistrate to read the instructions. The affidavit indicates that Allen had no objection. According to the affidavit, Allen responded that it did not make much sense to object since the magistrate had already voir dired the jury. (Affidavit of C. William Swinford, paragraph 9). Despite the existence of Mr. Swinford's affidavit, Allen claims that he, in fact, objected.

The record indicates that Allen had no objections prior to this procedure (Tr. Transcript, vol. 2, p. 298), or after the jury was charged (Tr. Transcript, vol. 2, p. 446). Therefore, we find that Allen failed to object to the magistrate's reading of the jury instructions. In any event, the magistrate did not exceed his delegated authority.

## II.

Allen's ineffective assistance of counsel claim must also fail. Pursuant to *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Allen must show first, that his counsel was not functioning as the counsel guaranteed by the Sixth Amendment. Secondly, Allen must show deficient performance of counsel sufficient enough to prejudice his defense. Therefore, Allen must show that counsel's errors were so serious as to deprive him of a fair trial, a trial whose result is reliable. *Strickland* also indicates that ineffective assistance of counsel claims may be disposed of on the grounds of lack of sufficient prejudice. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069. Allen's ineffective assistance of counsel claim is based on the *Gomez* decision. Allen claims that his trial attorney should have objected to the use of the magistrate. Allen has not objected to any particular instruction, but instead claims that he must expressly consent to the magistrate's reading of the final jury instructions.

For the reasons previously stated, we find the *Gomez* decision inapplicable in this case. Furthermore, Mr. Swinford's affidavit indicates that Allen himself chose not to object to the procedure since the magistrate had already conducted voir dire. The magistrate did not exceed his authority and Allen has failed to show any prejudice as a result of the magistrate's reading of the jury instructions. As a result, Allen's inef-

fective assistance of counsel claim is without merit.

### III.

For the foregoing reasons, we AFFIRM the decision of the Honorable Henry R. Wilhoit, Jr., United States District Judge for the Eastern District of Kentucky, denying Allen's motion to vacate under 28 U.S.C. § 2255.