985 F.2d 561
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terry SAWYERS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-5719.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1993.
 
 Before MERRITT, Chief Judge, and KENNEDY and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 Terry Sawyers, a federal prisoner, appeals through counsel the denial of his motion to vacate sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Sawyers was convicted following a jury trial of manufacture of marijuana plants and was sentenced to seventy-eight months imprisonment. On direct appeal, he objected to the magistrate judge's action of reading an Allen charge to the jury, relying on Gomez v. United States, 490 U.S. 858 (1989). Gomez held that a magistrate judge cannot preside over jury selection in a felony trial when the defendant objects. Id. at 872-76. This court declined to apply Gomez to the reading of an Allen charge. Moreover, it was noted that Sawyers had not objected to the magistrate's action. The conviction was affirmed. United States v. Sawyers, 902 F.2d 1217 (6th Cir.1990), cert. denied, 111 S.Ct. 2895 (1991).
 
 
 3
 In this motion to vacate, Sawyers again argued that the magistrate judge's reading of the Allen charge was improper. The district court adopted the magistrate judge's recommendation to deny the motion, over the objections filed by Sawyers, on the ground that an issue previously decided on direct appeal cannot be the basis for a collateral attack on a conviction absent a change in the prevailing legal standards. See United States v. Redd, 759 F.2d 699, 701 (9th Cir.1985).
 
 
 4
 Upon review, it is concluded that this motion was properly denied for the reason stated by the district court. Sawyers argued that prevailing legal standards had changed, relying on United States v. France, 886 F.2d 223 (9th Cir.1989), affirmed by an equally divided Court, 111 S.Ct. 805 (1991) (per curiam), which held that the failure to object did not waive application of Gomez. However, the Supreme Court has subsequently held that jury selection may be conducted by a magistrate judge when the parties consent or raise no objection. Peretz v. United States, 111 S.Ct. 2661, 2667, 2671 (1991). That case questioned France and distinguished it on the ground that objection would have been futile in light of Ninth Circuit precedent. Such is not the case here.
 
 
 5
 Moreover, this court also held in Sawyers's direct appeal that the holding of Gomez simply did not apply to this situation. For the first time in his reply brief, Sawyers argues that the decision in Allen v. United States, 921 F.2d 78 (6th Cir.1990), cert. denied, 111 S.Ct. 2896 (1991), reflects a change in the law in this area. This argument is not persuasive, as the language relied on is dicta. Further, an alternate ground for affirmance in both Allen and this case was the failure to object to the magistrate judge's reading of the instructions.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.