UNITED STATES of America, Plaintiff-Appellee,

v.

Roosevelt DESIR, a.k.a. Roosevelt Woods, Defendant-Appellant.

No. 98-5039.

United States Court of Appeals,

Eleventh Circuit.

July 17, 2001.

Appeal from the United States District Court for the Southern District of Florida. (No. 97-14038-CR-KMM), James C. Paine, Judge.

Before EDMONDSON, DUBINA and POLITZ*, Circuit Judges.

DUBINA, Circuit Judge:

Appellant Roosevelt Desir ("Desir") appeals his conviction for possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We affirm in part and reverse in part.

I. *BACKGROUND*

Prior to trial, Desir filed a motion to suppress evidence obtained in a search of his vehicle. A magistrate judge conducted an evidentiary hearing on the motion to suppress and issued a report and recommendation recommending that the motion be denied. After hearing no objections to the magistrate judge's report, the district court adopted the report and denied Desir's motion.

The evidence adduced at trial and at the motion to suppress hearing revealed that on October 22, 1997, at 12:30 a.m., Ft. Pierce, Florida, Police Officer, Kevin Koehn ("Officer Koehn") stopped a gold Pontiac driven by Desir. The Pontiac did not have a working tag light. Within a minute of the stop, Officer Charles Davis ("Officer Davis") arrived as backup and also observed the non-working tag light. Officer Koehn requested that Desir provide his driver's license, and Desir complied. While Officer Koehn was writing a ticket, Officer Davis noticed Desir reaching down underneath the driver's seat. Officer Koehn then asked Desir if he had anything illegal in the car, and Desir said he did not. Officer Koehn asked Desir if he could search the car, and Desir consented. Officer Koehn saw a plastic bag with three and a half disks of what appeared to be crack cocaine sticking out from under the driver's seat. Officer Koehn then arrested Desir. After viewing the plastic bag with a flashlight through the front windshield, Officer Davis confirmed

*Honorable Henry A. Politz, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

that the substance appeared to be crack cocaine. The bag was sticking out from underneath the driver's seat in plain view. A laboratory analysis confirmed that the contents of the plastic bag contained 119 grams of crack cocaine. It had a street value of between $11,900 and $23,800.

After a one day jury trial, the jury retired to deliberate at 4:33 p.m. At approximately 6:00 p.m., the lawyers and district judge agreed that the jury would be questioned as to whether they wanted to continue deliberating later that evening or return on the following Friday to continue their deliberations. When the jury indicated their preference to return on the following Friday, the district judge told the jury, in the presence of Desir and his counsel, that he might not be able to travel back to Ft. Lauderdale on Friday, but a magistrate judge would be present to do whatever was necessary. Specifically, the district judge stated as follows:

> I'm going to have to look at my Friday schedule. I think it is clear and I can probably come back. All right. If I cannot, I will ask Judge Lynch, who is our resident magistrate, to take whatever verdict or do what is necessary.

(R4:196). No one objected to the magistrate judge's taking "whatever verdict" or doing "what is necessary." *Id.*

During deliberations on the following Friday, the jury sent a request to rehear the testimony of Ft. Pierce Police Officer Tammy Roane ("Officer Roane") concerning fingerprinting. After hearing arguments from both parties, the magistrate judge decided that Officer Roane's testimony should not be read back to the jury because it would unduly emphasize that portion of the testimony. Desir's counsel objected to the magistrate judge's decision, but did not object to the magistrate judge making the decision. The magistrate judge then instructed the jury that no transcript was available, and that the jurors should rely on their collective memories. Shortly thereafter, the jury returned a verdict of guilty as charged.

## II. *ISSUES*

1. Whether Desir is entitled to a new trial because, without Desir's consent, a magistrate judge stood in for the district judge during jury deliberations and, without contacting the district judge, responded to a question from the jury, and then instructed the jury regarding its deliberations.

2. Whether the district court properly denied Desir's motion to suppress evidence.

## III. *STANDARDS OF REVIEW*

This court may directly review the merits of a challenge to a magistrate judge's authority to conduct critical matters of a defendant's trial, even though the defendant failed to object to the procedure in the district court. *See United States v. Maragh,* 189 F.3d 1315, 1316-17 (11th Cir.1999).

This court reviews a district court's denial of a defendant's motion to suppress under a mixed standard of review, reviewing the district court's findings of fact under the clearly erroneous standard and the district court's application of law to those facts *de novo. United States v. Gil,* 204 F.3d 1347, 1350 (11th Cir.2000).

## IV. *DISCUSSION*

Looking to the suppression issue first, we conclude after reviewing the record that the district court correctly determined that Desir voluntarily consented to the search of his vehicle. Even though the police had Desir's driver's license when he gave his consent to search, it was incident to a lawful stop for a traffic infraction which lasted only a few minutes and did not involve any use of coercion or force. *See United States v. Simmons,* 172 F.3d 775, 778-79 (11th Cir.1999). Moreover, the crack cocaine was in plain view when Officer Davis shined his flashlight through the windshield of Desir's car. Under the plain view doctrine, this was a sufficient alternative basis for the district court's denial of Desir's motion to suppress. *See U.S. v. Jenkins,* 901 F.2d 1075, 1081-82 (11th Cir.1990); *U.S. v. Iglesias-Uranga,* 721 F.2d 1512, 1513 (11th Cir.1984). Accordingly, we affirm the district court's order denying Desir's motion to suppress evidence without further discussion.

The more difficult and troublesome issue in this case is the first one concerning the authority of a magistrate judge. In *Peretz v. United States,* 501 U.S. 923, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991), and *United States v. Maragh,* 174 F.3d 1202 (11th Cir.), *supplemented on denial of rehearing,* 189 F.3d 1315 (11th Cir.1999), the Supreme Court and this court established a bright line rule that a magistrate judge exceeds his or her jurisdiction by presiding at a felony trial during a critical stage of the proceeding without the defendant's consent. *See also Gomez v. United States,* 490 U.S. 858, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989). In the present case, Desir contends that this bright line rule was violated when, without Desir's consent, the magistrate judge instructed the jury by responding to its question and otherwise instructed the jury regarding the processes of its deliberations. Moreover, Desir contends that the Federal Magistrates Act was violated because those actions of the magistrate judge are considered additional duties that may not be delegated under 28 U.S.C. § 636(b)(3), regardless of the litigant's consent.

The record supports Desir's position that he did not consent to the magistrate judge's actions. After the jury deliberations began, District Judge Paine advised the parties and the jury that Magistrate Judge Lynch might appear in Judge Paine's stead to accept the verdict. However, neither Judge Paine nor Magistrate Judge Lynch ever explicitly asked Desir whether he consented to a magistrate judge presiding over the jury

deliberations or otherwise instructing the jury. Even if there had been express consent, Desir maintains that

Magistrate Judge Lynch's actions would still constitute error because the instruction of a jury is an important

and critical stage in a criminal proceeding that cannot be presided over by a magistrate judge.

In *Gomez,* the Supreme Court stated that the authority granted to magistrate judges under the Federal

Magistrates Act is to be construed narrowly:

> The district court retains the power to assign the magistrates unspecified "additional duties" subject only to conditions or review that the court may choose to impose. By a literal reading this additional duties clause would permit magistrates to conduct felony trials. But the carefully defined grant of authority to conduct trials of civil matters and of minor criminal cases should be construed as an implicit withholding of the authority to preside at a felony trial. The legislative history, with its repeated statements that magistrates should handle subsidiary matters to enable district judges to concentrate on trying cases, and its assurances that magistrates' adjudicatory jurisdiction had been circumscribed in the interests of policy as well as constitutional constraints, confirms this inference. Similar considerations lead us to conclude that Congress also did not contemplate inclusion of jury selection in felony trials among a magistrate's additional duties.

490 U.S. at 871-72, 109 S.Ct. 2237. In *NLRB v. A-Plus Roofing, Inc.,* 39 F.3d 1410 (9th Cir.1994), the Ninth

Circuit held as follows:

> [F]ederal magistrates are creatures of statute, and so is their jurisdiction. We cannot augment it; we cannot ask them to do something Congress has not authorized them to do. We need not and must not reach the constitutional question if we can first determine that the magistrate had no statutorily-created jurisdiction to handle the referral we gave it.

*Id.* at 1415; *see also United States v. Colacurcio,* 84 F.3d 326, 328 (9th Cir.1996). In *Maragh,* this court

recognized the limitations of a magistrate's authority and articulated the rule that before a magistrate judge

can conduct a critical stage of a criminal trial, the actual consent of the parties must be obtained. *See Maragh,*

174 F.3d at 1206. This is so whether or not there is an objection made. *Id.* Therefore, based on the foregoing

decisional law, we are required to carefully examine the exercise of a magistrate judge's power to determine

whether there has been a violation of the Federal Magistrates Act and/or an infringement of Article III of the

Constitution.

Turning to the specific issue at hand, we note that many of our sister circuits have held that there is

no violation of Article III or the Federal Magistrates Act when a magistrate judge simply accepts a jury

verdict and polls the jurors thereafter. *See United States v. Day,* 789 F.2d 1217, 1224 (6th Cir.1986); *United*

*States v. Demarrias,* 876 F.2d 674, 677 (8th Cir.1989); *United States v. Arnoldt,* 947 F.2d 1120, 1123-24 (4th

Cir.1991); *see also United States v. Carr,* 18 F.3d 738, 740 (9th Cir.1994) (no violation where a magistrate

judge presided over a read-back of testimony to jury which was ordered by and under the direction of the

district judge). Such acts are considered ministerial and do not exceed the magistrate judge's delegated

authority. However, it is when the magistrate judge acts beyond the ministerial and mechanical duties of accepting and polling the jurors that the issue becomes problematic.

In the cases reported where a magistrate judge has instructed a jury, the district judge had previously personally approved the instructions, *Allen v. United States,* 921 F.2d 78 (6th Cir.1990), or the magistrate judge acted solely as a medium on the telephone between the district judge and the jury during deliberations. *Demarrias,* 876 F.2d at 677.

In *Allen,* the district judge had the magistrate judge read jury instructions to the jury that had been previously prepared by the district judge. The magistrate judge made no decisions or rulings with respect to the instructions. In addition, the importance of the instructions was in no way diluted by the procedure. The jury was informed that the instructions were those of the district judge and not the magistrate judge. The district judge told the jury to listen carefully to the magistrate judge read the instructions as if the district judge himself was the one reading the instructions. As required, the ultimate authority and responsibility for making an informed decision rested with the district judge. *See Allen,* 921 F.2d at 79-80; *see also United States v. Raddatz,* 447 U.S. 667, 681-83, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

In the present case, however, the ultimate authority and responsibility for making the informed final decision with regard to the requested read-back of testimony did not reside with the district judge. He was not present and in fact was not informed that a question was even asked by the jurors, let alone the content of the question. Unlike the situation in *Demarrias* where the district judge gave the magistrate judge specific instructions to telephone if the jury had any questions so the district judge could dictate the magistrate judge's response, 876 F.2d at 677, this case involved no such instructions and, indeed, Magistrate Judge Lynch did not contact Judge Paine. We conclude that the magistrate judge inappropriately exercised the authority of an Article III judge at a critical stage of the proceeding by responding to the jury's question that went beyond the simple performance of a ministerial task.

We allow that the mere acceptance of a jury verdict and the polling of a jury constitute no more than ministerial tasks that a magistrate judge may properly perform, and we acknowledge that there might be limited exceptions that allow a magistrate judge to otherwise interact with a jury and provide it with instructions. *See Allen,* 921 F.2d at 79-80; *Demarrias,* 876 F.2d at 677-78. We determine, however, that this case does not fit within those narrow exceptions because here, the district judge did not direct the magistrate judge's response to the jury's question. In fact, the record demonstrates that the district judge was

completely unaware of the jury's question due to his absence and the magistrate judge's failure to advise him of the question. When a matter conducted solely by a magistrate judge constitutes a critical stage of the criminal proceeding, such as instructing the jury, the absence of express consent from all parties, particularly the defendant, mandates reversal. *See Maragh,* 174 F.3d at 1206; *see also United States v. Foster,* 57 F.3d 727, 731 (9th Cir.1995), *rev'd on other grounds,* 133 F.3d 704 (1998) (en banc), *vacated as to that ground,* 525 U.S. 801, 119 S.Ct. 32, 142 L.Ed.2d 24 (1998). Accordingly, under the facts of this case, Desir is entitled to a new trial.

AFFIRMED in part, REVERSED in part, and REMANDED.