[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 20, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-10009
Non-Argument Calendar

_____

D.C. Docket No. 04-20667-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BARBARA KLINKOSZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 20, 2006)**

Before EDMONDSON, Chief Judge, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Barbara Klinkosz appeals her conviction, after a jury trial, for simple possession of MDMA (Ecstasy), in violation of 21 U.S.C. § 844(a). Defendant specifically challenges the district court's denial of her motion to suppress. No reversible error has been shown; we affirm.

Testimony at the suppression hearing showed these circumstances. Defendant lived with her boyfriend, co-defendant Peter Plinelis. Pursuant to a several-month investigation, Plinelis was arrested after selling 30,0000 MDMA tablets to undercover officers. Just before the arrest, Plinelis told the officers that he could deliver 10,000 more tablets the next day. After arresting Plinelis, the officers decided to go to Plinelis's apartment on the suspicion that the additional tablets might be stored at that place. The officers had no search warrant. U.S. Immigration and Customs Enforcement Agents Lemuel Lampkins and Sebastian Torillo knocked on the door. Defendant, wearing only a towel, answered the door. The agents identified themselves and asked to come inside to speak with her. Defendant said they could come in, but asked them to wait until she dressed. She closed the door.

Miami-Dade Police Department Sergeant Thomas Williams saw and heard the exchange between Defendant and the agents. Williams then walked down an exterior hallway next to Defendant's apartment and stopped at a gate where he

2

could see the rear of the apartment. About ten seconds later, he saw Defendant-- still clad only in a towel-- walk behind her apartment toward the Intercoastal Waterway while holding a white plastic bag. Williams did not see Defendant with this bag previously. Williams ordered Defendant to stop: she stopped, made eye contact with him, and walked back toward the rear of the apartment. Williams shouted to the other officers that Defendant was in the back and was trying to get rid of the pills in the water. Williams then kicked open the gate, ran to the back patio of the apartment, and saw Defendant and the other officers inside.

Meanwhile, after hearing Williams shout, Lampkins and Torillo entered the apartment through the front door and saw Defendant coming in through the sliding rear door. Lampkins told Defendant to stop: she did and dropped the plastic bag. When she dropped the bag, it opened and Lampkins could see the MDMA tablets inside.

Defendant challenges the district court's denial of her motion to suppress the MDMA tablets found in the apartment after agents entered without a warrant. She contends that the agents lacked probable cause to believe that narcotics were present in her apartment: she maintains that the agents had no reason to suspect her of wrongdoing and that the agents acted only on a "hunch" after the arrest of Plinelis, with whom she shared the apartment. She also asserts that no exigent

3

circumstances justified the warrantless entry and search where Williams only guessed that the bag she was holding contained illegal drugs. Thus, she maintains that law enforcement could not have entered her apartment based on a fear that the suspected narcotics would be destroyed.

In considering the denial of a defendant's motion to suppress, we apply a mixed standard of review: we review the district court's findings of fact for clear error and its application of law to those facts de novo. United States v. Desir, 257 F.3d 1233, 1235-36 (11th Cir. 2001). We construe all facts in the light most favorable to the prevailing party: the government. United States v. Boyce, 351 F.3d 1102, 1105 (11th Cir. 2003).

Warrantless searches and seizures in a person's home are presumptively unreasonable under the Fourth Amendment. See United States v. Burgos, 720 F.2d 1520, 1525 (11th Cir. 1983). But a warrantless search or seizure may be justified where both probable cause and exigent circumstances exist. Id. We conclude that both circumstances were present here.

Probable cause exists where "where the facts lead a reasonably cautious person to believe that the search will uncover evidence of a crime." Id. (citation and internal quotation marks omitted). The officers recovered 30,000 MDMA pills from Plinelis afer a several-month investigation. The officers had very recent

4

information from Plinelis that he may have had immediate access to 10,000 more MDMA pills. The officers could not have known for certain that the 10,000 pills would be at Plinelis's apartment. But the officers possessed enough information to harbor a reasonable belief that a search of the apartment would reveal evidence of a crime. Defendant's conduct--leaving the back of the apartment, walking toward the Intercoastal Waterway, and ignoring Williams's direction to stop, all while holding a bag and being towel-clad, even after she told the agents that she was going to get dressed--only strengthens the conclusion that probable cause existed to support the warrantless entry and search of the apartment.

"'Exigent circumstances' refers to a situation where the inevitable delay incident to obtaining a warrant must give way to an urgent need for immediate action." Burgos, 720 F.2d at 1526 (citation omitted). One such situation is where a risk exists of the removal or destruction of narcotics. Id. After encountering the officers at the front door, Defendant deceived the officers by telling them she needed time to get dressed. But she then went out the back of the apartment, still only wearing a towel, toward the water while holding a bag that she was not holding when she initially opened the front door. Defendant then ignored Williams's direction to stop, and she turned back toward the apartment. The circumstances at that time would lead a reasonable, experienced officer to believe

5

that immediate action was needed to avoid the possibility that Defendant might destroy the MDMA pills before a warrant was issued.  See United States v. Young, 909 F.2d 442, 446 (11th Cir. 1990) (noting need for exigent circumstance doctrine is "particularly compelling" in narcotics cases, where evidence can be destroyed while a search is progressing).  That Williams could not see the contents of the bag, and that Lampkins entered the apartment without knowing that Defendant was carrying a bag, does not alter the result.

In sum, probable cause and exigent circumstances existed: the officers entered Defendant's apartment based on a reasonable belief that she was attempting to destroy the MDMA pills.  The district court did not err in denying Defendant's motion to suppress.

AFFIRMED.