[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10142
Non-Argument Calendar

_____

D. C. Docket No. 05-00020-CR-01-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SUSAN L. FREED,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 13, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Susan L. Freed appeals her convictions of the misdemeanor offenses of use

of National Forest lands without a required special use permit, 16 U.S.C. § 551; 36 C.F.R. § 261.10(k), and construction and maintenance of improvements on National Forest Lands, 16 U.S.C. § 551; 36 C.F.R. § 261.10(a). We affirm.

## I. BACKGROUND

Freed is the incorporator and a trustee of Enota Mission Trust, which owns Enota, a campground located in the Chattahoochee National Forest. In 1999, Forest Service Ranger David Kuykendall discovered blaze marks and vegetation damage on trails in the National Forest leading to Enota and an old logging road between the Appalachian Trail and the Enota property. In addition, vegetation around the Joel Branch waterfall had been cut apparently to allow a better view of the falls. Kuykendall also discovered that an old dam and water system on Gurley Creek had been repaired. Fresh boards had been placed in the dam to hold water, and PVC pipe had been used to replace the cast iron piping of the water system. The water system carried water from Gurley Creek onto the Enota property. On another visit, Kuykendall observed a bridge that had been constructed on National Forest property.

In response to Kuykendall's findings, the District Ranger sent Freed two letters that informed Freed that the improvements observed by Kuykendall around Enota on National Forest land and the construction and maintenance of trails were

2

in violation of Forest Service regulations and illegal. One letter stated, "All improvements made by your staff to the old . . . [w]ater tank, pipeline, and dam on National Forest land must be removed within 30 days of this date. No additional repair, maintenance, or use of these facilities will be allowed." Approximately one month later, no improvements had been removed from the water system.

In 2001, Kuykendall and another ranger returned to the area surrounding Enota. The rangers removed boards out of the dam, a section of pipe out of the waterline, and a valve. On a visit approximately one year later, rangers observed that someone had replaced the boards and piping and that water was flowing through the pipe to Enota.

In 2002, two undercover Forest Service officers visited Enota. Officer Phillip Greene spent the night and part of a day at Enota while Agent Jenny Davis walked the property. Greene observed repairs to the dam and water system, two log bridges that had been constructed on national forest land, and unauthorized trails that had been maintained. Davis also observed the repairs to the water system and recently cut vegetation and work on national forest land. Following her observations, Davis spoke with Freed about the unauthorized work and improvements and issued Freed citations for the violations she observed. The citations were eventually dropped.

In August 2004, Davis returned to Enota and observed that the dam was still in place, water was passing through the pipes, and a trail near Gurley Creek was still being maintained although there did not appear to be any fresh cutting. Freed was then served with the citations that are the subject of this appeal.

After a trial before a magistrate judge, at which Freed testified in her defense, the Magistrate Judge found Freed guilty of two violations: (1) use of national forest land without a special use authorization relating to the operation of the water system on Gurley Creek; and (2) construction and maintenance of improvements on National Forest land relating to improvements made to trails leading from Enota to waterfalls on National Forest land and the construction of two bridges on National Forest land. The Magistrate Judge found Freed guilty as a responsible corporate agent of Enota Mission Trust. On appeal, the district court affirmed the convictions.

## II. STANDARD OF REVIEW

This court reviews the findings of fact of the district court for clear error and conclusions of law de novo. United States v. Desir, 257 F.3d 1233, 1235-36 (11th Cir. 2001).

## III. DISCUSSION

Freed makes five arguments on appeal. The first two arguments relate to the

factual findings of the magistrate judge and district court, and the remaining three arguments relate to the legal conclusions of those courts. Each argument fails.

First, Freed argues that the magistrate judge and district court erroneously found that she operated the water system on National Forest property because the water system, which was initially constructed in the 1930s, continuously had operated for seventy years without any person doing anything to it. She also argues that the "lower courts seemed to not understand that the water system was a different thing than the hydroelectric plant[,]" which had been constructed on the Enota property but which was nonoperational. We disagree.

The findings of the magistrate judge are supported by the record. The evidence presented, including the testimony of Freed, established that the water system was upgraded by Enota employees, Freed was instructed to remove the improvements but took no action, rangers made the water system inoperable by removing boards in the dam and pieces of piping, an Enota employee repaired the water system, and Freed did nothing to stop the unauthorized use of National Forest land. The record does not support Freed's contention that the water system "operated" on its own or that the magistrate judge and district court confused the preexisting water system with the non-operational hydroelectric plant.

Second, Freed erroneously argues that the magistrate judge and district court

5

clearly erred by concluding that she was guilty of trail maintenance on the date charged in the citation and by failing to address the testimony of witnesses who stated that Freed told employees not to perform maintenance on National Forest land. Evidence was presented at trial of trail maintenance on unauthorized trails from 1999 to August 2004. It was not clearly erroneous for the magistrate judge and district court to conclude that a violation occurred on or about July 30, 2004, the date of the citation. Evidence was presented, moreover, that the kind of maintenance performed on the trails required tools, time, and labor. Given the proximity of Enota to trails and Freed's residence at Enota since 2002 as the manager, it was not clearly erroneous to conclude that Enota was responsible for the damage to the National Forest. The court also did not clearly err when it concluded that Freed lived at Enota from 2002 to 2004, and was regarded as responsible for the actions of Enota.

Freed also argues that the district court committed three legal errors. First, Freed argues that the district court erroneously concluded that the offenses of which Freed was convicted were strict liability offenses. This argument fails.

Neither the forest service regulations of which Freed was convicted nor the enabling statute contain an element of <u>mens</u> <u>rea</u>. <u>See</u> 36 C.F.R. § 261.10; 16 U.S.C. § 551. Although proof of a guilty mind is generally required, certain

6

regulatory or public welfare offenses may carry strict liability. United States v. Balint, 258 U.S. 250, 251-53, 42 S. Ct. 301, 302 (1922). To determine whether an offense is one for which no proof of mens rea is required, we consider, including whether the statute involves a matter of policy, whether the standard imposed by the statute is reasonable, whether the penalty is small, whether a conviction would gravely affect the reputation of the individual, whether the crime was cognizable at common law, and whether the congressional purpose would be supported by the lack of an intent requirement. United States v. Ayo-Gonzalez, 536 F.2d 652, 658 (5th Cir. 1976). When we consider the regulation at issue in this appeal in the light of these factors, we conclude that the magistrate judge and district court correctly held that intent was not a necessary element.

The Forest Service regulations reflect the national policy to care for and protect national forest land. The requirement that individuals receive permits before modifying the national forest is reasonable, the penalty imposed is small—a violation of the regulation is a misdemeanor offense that carries a minimal fine and sentence—and a conviction would not have a grave effect on the reputation of an individual convicted of the offense. We are supported in this conclusion by the decisions of at least two other circuits. See United States v. Unser, 165 F.3d 755, 761-64 (10th Cir. 1999); United States v. Kent, 945 F.2d 1441, 1445-46 (9th Cir.

7

1991).

Freed's argument that the Supreme Court narrowed the class of strict liability offenses in Staples v. United States, 511 U.S. 600, 114 S. Ct. 1793 (1994), is unpersuasive. The Court in Staples did not redefine the law regarding strict liability offenses. The statute at issue in Staples, which made it a felony offense to possess an unregistered semi-automatic firearm, was not a strict liability offense because the statute did not fit the definition of regulatory or public welfare offense as defined by precedent. Id. at 614-18, 114 S. Ct. at 1802-04.

Second, Freed erroneously argues that the district court mistakenly applied vicarious liability principles to find her guilty of the offenses. Freed contends that the responsible corporate officer doctrine applies only to public health and safety regulations concerning "dangerous or deleterious devices or products or obnoxious waste materials." This argument fails. The doctrine applies when a corporation is liable for an offence because "the only way in which a corporation can act is through the individuals who act on its behalf." United States v. Dotterweich, 320 U.S. 277, 281, 64 S. Ct. 134, 136 (1943). To impose liability, the government must produce "evidence sufficient to warrant a finding by the trier of the facts that the defendant had, by reason of his position in the corporation, responsibility and authority either to prevent in the first instance, or promptly to correct, the violation

8

complained of, and that he failed to do so." United States v. Park, 421 U.S. 658, 673-74, 95 S. Ct. 1903, 1912 (1975). The government provided sufficient evidence that Freed was in a position of responsibility with regard to Enota. It was not error for the magistrate judge and district court to hold Freed liable as a responsible corporate officer.

Finally, Freed argues that the district court erroneously held that Freed could be guilty for failure to act. This argument fails. A responsible corporate officer can be held liable for failure to act precisely because that individual had the power to prevent the violation, id., and the finding of the district court that Freed was in a position to prevent the violations that occurred was not clearly erroneous.

## IV. CONCLUSION

Freed's convictions are

**AFFIRMED.**