[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 19, 2006
THOMAS K. KAHN
CLERK

Nos. 05-10865 & 05-11665
Non-Argument Calendar

————————

D. C. Docket Nos.
02-21852-CV-DMM
95-00605-CR-PAS

FRANCISCO SALDANA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————

Appeals from the United States District Court
for the Southern District of Florida

————————

**(September 19, 2006)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Francisco Saldana ("Saldana"), a federal prisoner proceeding through counsel, appeals the district court's order denying his motion to vacate, pursuant to 28 U.S.C. § 2255, seeking relief from his life-plus 15 years sentence on drug trafficking and weapons charges. In his motion, Saldana asserted claims that (1) his appellate counsel was ineffective for failing to raise an issue on appeal concerning the magistrate judge's jurisdiction to preside over jury deliberations without his consent; and (2) his trial counsel was ineffective for failing to object to the jurisdiction of the magistrate judge who presided over jury deliberations in his trial. These are the only issues upon which Saldana obtained a certificate of appealability.

## I.

In a proceeding on a motion to vacate, set aside, or correct sentence, we review the district court's factual findings for clear error and the legal issues *de novo*. *See Castillo v. United States*, 200 F.3d 735, 736 (11th Cir. 2000). We review trial counsel's performance for "reasonableness under prevailing professional norms." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*) (quoting *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065). When a convicted defendant claims that his counsel's assistance was ineffective, the defendant must show that (1) counsel's performance was deficient and (2) the

2

deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 687, 104 S. Ct. 2052, 2064 (1984). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* "[T]he performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688, 104 S. Ct. at 2065. To establish prejudice, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. 2068. Prejudice is only presumed where "counsel has entirely failed to function as the client's advocate." *Florida v. Nixon*, 543 U.S. 175, 189, 125 S. Ct. 551, 561 (2004) (citation omitted). "We have held many times that '[r]easonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop.'" *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) (citations omitted).

**II.**

On appeal, Saldana first argues that his appellate counsel was ineffective for failing to argue on appeal that the magistrate judge did not have jurisdiction to preside over the jury deliberations in his trial without his consent, which he did not personally give to the court.

3

The jurisdiction and powers of magistrate judges are set forth in 28 U.S.C. § 636. Magistrate Judges "may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). In *Gomez v. United States*, 490 U.S. 858, 109 S. Ct. 2237 (1989), the Supreme Court stated,

> [b]y a literal reading this additional duties clause would permit magistrates to conduct felony trials. But the carefully defined grant of authority to conduct trials of civil matters and of minor criminal cases should be construed as an implicit withholding of the authority to preside at a felony trial.

490 U.S. at 871-72, 109 S. Ct. at 2246. The Supreme Court held that Congress did not intend for magistrate judge's to conduct *voir dire* in felony trials. *Id.* at 875-76, 109 S. Ct. at 2248. As *voir dire* is a critical stage of a criminal trial, the harmless-error standard did not apply where the magistrate exceeded his jurisdiction by selecting a jury over the defendant's objection. *Id*. at 876, 109 S. Ct. at 2248. Subsequently, the Supreme Court held that "supervision of *voir dire* in a felony proceeding is an additional duty that may be delegated to a magistrate judge under 28 U.S.C. § 636(b)(3) if the litigants consent." *Peretz v. United States*, 501 U.S. 923, 935, 111 S. Ct. 2661, 2668 (1991). In arriving at the decision, the Court held that *Gomez* did not apply "when the defendant has not objected to the magistrate's conduct of the *voir dire*." *Id.* at 933, 111 S. Ct. 2668.

4

It held that "permitting a magistrate to conduct the *voir dire* in a felony trial when the defendant raises no objection is entirely faithful to the congressional purpose in enacting and amending the Federal Magistrates Act." *Id.* at 940, 111 S. Ct. at 2671.

In *United States v. Brantley*, 733 F.2d 1429 (11th Cir. 1984), a pre-*Gomez* and *Peretz* decision, the district court asked the parties if they would object to a magistrate judge accepting the verdict, and the parties did not object. *Id.* at 1442. The district court then stated that "if the jury requested recharging, the counsel 'should get together on it, if you can. If you cannot, then they will just have to remain in there until I get up here. . .'" *Id.* During the deliberations, the magistrate told counsel that the jury requested an instruction and he responded. *Id.* Though counsel objected to the instruction on appeal, they did not object to the magistrate issuing the instruction. *Id.* at 1443 n.23. We found that counsel waived the right to have a district judge preside over the deliberations. *Id.* at 1443. Though the magistrate erred in instructing the jury prior to consultation with counsel, counsel did not object or try to locate the district judge. *Id.* Further, as the instruction was correct, the error was harmless. *Id.*

In *United States v. Maragh*, 174 F.3d 1202 (11th Cir. 1999), we stated that "[t]he Supreme Court's interpretation of section 636(b)(3) establishes the presence

5

or absence of consent as the crucial factor in determining what duties the section encompasses." 174 F.3d at 1204. The court need not personally address the defendant, but the record must clearly show personal consent from the defendant. *Id.* at 1206. In *United States v. Desir*, 257 F.3d 1233 (11th Cir. 2001), we held that a magistrate's responding to a jury question without defendant's consent went beyond the ministerial task of accepting the verdict. 257 F.3d at 1238. Thus, we concluded that reversal was mandated when a magistrate judge solely conducts a critical stage in the criminal procedure, instructing the jury, without the express consent of all the parties. *Id.* at 1238.

After reviewing the record, we conclude here that the district court did not err in finding that Saldana's trial counsel was not ineffective. The record shows that counsel agreed to permit the magistrate judge to answer jury questions. The record also supports the district court's finding that Saldana gave his counsel, Yale Galanter, his consent to the exercise of jurisdiction by the magistrate judge after Galanter had informed Saldana of some of the differences between the district and magistrate judges. Thus, the district court did not clearly err in finding that Saldana gave Galanter consent and Galanter relayed that consent to the court. As Saldana consented to the procedure, his counsel was not deficient for failing to challenge the presence of the magistrate judge at his deliberations on appeal.

6

Furthermore, even if Galanter erred, Saldana has not shown prejudice resulting from the error. Though the magistrate judge incorrectly answered the first question from the jury in stating that a jail bond board had not been entered into evidence, his answer was consistent with the district court's prior ruling that the board was not permitted in the jury room. Additionally, the district court admitted and permitted the underlying exhibits in the jury room, but did not allow the demonstrative evidence in the jury room. The magistrate judge correctly answered the jury's second question as an exhibit list had not been admitted into evidence. Lastly, the magistrate judge correctly instructed the jury to refrain from deciding any issues related to a forfeiture issue and informed them he would fully answer their question after consulting the district judge. The jury withdrew its last question before he could consult with the district judge and returned its verdict. As Saldana cannot show that the magistrate judge answered any of the jury's questions in a materially incorrect way, he cannot show the necessary prejudice to establish a claim of ineffective assistance of counsel. Accordingly, we affirm the district court's order on this ground.

Saladana also argues that his trial counsel erred in failing to object to the magistrate judge's exercise of jurisdiction over the jury deliberations in his trial as his consent was not knowing or voluntary because he did not know the difference

between the magistrate judge and the district judge's duties. The relevant standards of review and substantive law are stated above.

Again, upon review, we find no reversible error. Saldana's counsel was not ineffective for failing to object at trial because there was sufficient evidence that Saldana consented to having a magistrate preside over the jury deliberations. John Howes, an attorney for Saldana's co-defendant, testified that he told Saldana that he (Saldana) could object to the presence of the magistrate judge. He also testified that Galanter told Saldana the differences between the duties of a magistrate judge and a district judge. Galanter also testified that he spoke to Saldana concerning his consent to having the magistrate judge preside over the deliberations. Though Saldana denied that his counsel provided him sufficient information to inform his consent, his counsel testified otherwise. The district court made a credibility determination that is not clearly erroneous. Moreover, as discussed above, Saldana has not shown how his counsel's failure to raise an objection resulted in prejudice. For the above-stated reasons, we affirm the district court's order denying Saldana's motion to vacate.

AFFIRMED.