[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-----------------------------------------

No. 06-10766
Non-Argument Calendar

-----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 28, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00259-CR-J-32-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREY LAVALE MYERS,

Defendant-Appellant.

-----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

-----------------------------------------------------------------

**(November 28, 2006)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Corey Lavale Myers appeals his convictions for

possession with intent to distribute 50 grams or more of cocaine base and 500

grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and

(b)(1)(B), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Myers specifically challenges the district court's denial of his motion to suppress based on the court's determination that officers had probable cause to arrest him. No reversible error has been shown; we affirm.

A confidential informant ("CI") informed law enforcement that Myers was a cocaine distributor and that, on three different occasions when the CI visited Myers at a house located at 1281 Turtle Creek Drive South in Jacksonville (the "Turtle Creek house"), the CI had observed large quantities of cash wrapped in plastic or hidden in a freezer. The CI also informed law enforcement that Myers owned a custom pick-up truck with four wheels on its rear axle as well as several motorcycles and all-terrain vehicles. To corroborate the CI's statements, police conducted a "trash pull" at the Turtle Creek house. In the trash, officers discovered materials commonly used to wrap kilograms of cocaine, including brown wrapping tape, black rubberized wrapping material, and clear plastic bags. Officers also discovered marijuana stems, money wrappers in "$2,000 denominations," and many pieces of discarded mail addressed to Myers. While conducting surveillance of the Turtle Creek house, officers observed vehicles in the driveway that were consistent with the CI's description of Myers's vehicles.

2

Officers received a warrant to search the Turtle Creek house. Before executing their search, police observed Myers exiting the house with a grocery bag and driving away. Officers stopped Myers and returned him to the Turtle Creek house.[1] Myers consented to a search of the grocery bag in his car; the bag contained wrapped currency totaling $61,000. Inside the Turtle Creek house, a police officer saw kilo wrappers for cocaine; and Myers was read his Miranda rights. Myers then told the officers that all the dope found in the house belonged to him. He also pointed out a box containing powder cocaine and crack cocaine and another box containing marijuana. After an officer asked Myers "where he got the cocaine," Myers responded, "It's mine; it's all mine."[2]

Myers asserts that, because officers lacked probable cause to arrest him, the district court should have granted his motion to suppress evidence of money seized from him and the bag in his car as well as his statements to the police after

---

[1] Myers's wife and another person were at the Turtle Creek house when the police arrived with Myers.

[2] In searching the Turtle Creek house, officers also found a loaded pistol, a heat-sealing machine, numerous heat-sealing bags, plastic zip bags, digital scales, and duct tape.

he received <u>Miranda</u> warnings.[3]  Therefore, he contends that, although probable cause supported a search of the Turtle Creek house, it did not support his arrest.

In considering the denial of a defendant's motion to suppress, we review the district court's findings of fact for clear error and its application of law to those facts <u>de novo</u>.  <u>United States v. Desir</u>, 257 F.3d 1233, 1235-36 (11th Cir. 2001).  And we construe all facts in the light most favorable to the prevailing party: the government.  <u>United States v. Boyce</u>, 351 F.3d 1102, 1105 (11th Cir. 2003).

"[T]he Constitution permits an officer to arrest a suspect without a warrant if there is probable cause to believe that the suspect has committed or is committing an offense."  <u>Michigan v. DeFillippo</u>, 99 S.Ct. 2627, 2631 (1979).  "For probable cause to exist, . . . an arrest must be objectively reasonable based on the totality of the circumstances."  <u>Lee v. Ferraro</u>, 284 F.3d 1188, 1195 (11th Cir. 2002).  "This standard is met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."  <u>Id.</u> (internal quotation omitted).  "[W]hen a group of officers is conducting an operation and

---

[3]Myers notes that his motion to suppress did not attack the validity of the search warrant obtained by police, nor did it seek suppression of evidence obtained from the Turtle Creek house pursuant to the search warrant.

4

there exists at least minimal communication between them, their collective knowledge is determinative of probable cause." United States v. Wilson, 894 F.2d 1245, 1254 (11th Cir. 1990).

Here, the totality of the circumstances indicates that officers had probable cause to arrest Myers. The police were aware that a CI reported that Myers was a cocaine distributor and that the CI had seen bundled cash at the Turtle Creek house. The police observed vehicles at the Turtle Creek house that were consistent with the CI's description of Myers's vehicles. In addition, a trash pull at the Turtle Creek house revealed not only mail that indicated Myers lived at that location but also marijuana and packaging materials consistent with cocaine distribution. Therefore, officers had reasonably trustworthy information indicating that Myers had committed an offense involving drug possession or distribution. Because officers had probable cause to arrest Myers, the district court did not err in denying Myers's motion to suppress evidence obtained as a result of his arrest.

**AFFIRMED.**