[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14605
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 13, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-20308-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXIS BLANCO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 13, 2009)

Before BLACK, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Alexis Blanco appeals his conviction for possession with intent to distribute

3,4-Methylenedioxymethamphetimine ("MDMA" or "ecstasy"), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. Blanco contends that the district court erred in denying his motion to suppress evidence seized from him after law enforcement officers arrested him without a warrant. Blanco argues that the officers did not have probable cause for the warrantless arrest.

We review "a district court's denial of a defendant's motion to suppress under a mixed standard of review, reviewing the district court's findings of fact under the clearly erroneous standard and the district court's application of law to those facts de novo." United States v. Desir, 257 F.3d 1233, 1235–36 (11th Cir. 2001).

"Under the Fourth and Fourteenth Amendments, an arresting officer may, without a warrant, search a person validly arrested. In turn, the Constitution permits an officer to arrest a suspect without a warrant if there is probable cause to believe that the suspect has committed or is committing an offense." United States v. Lyons, 403 F.3d 1248, 1253 (11th Cir. 2005) (internal citations, quotation marks, and alteration omitted). "'Probable cause' to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an

offense." United States v. Mancini, 802 F.2d 1326, 1330 (11th Cir 1986) (internal quotation marks, citation, and alteration omitted).

The officers had probable cause to arrest Blanco. The officers learned about Blanco from Alexandra Cannaday. Cannaday had been arrested earlier that day in possession of type of methamphetamine commonly known as crystal meth. Cannaday offered to cooperate with the officers by leading them her supplier, Blanco. She said that Blanco owed her an ounce of crystal meth. In the presence of the officers, Cannaday called Blanco and arranged to meet him that afternoon. The officers accompanied Cannaday to the arranged meeting place. Blanco was there. He approached Cannaday's car and got inside, at which point officers approached the car and arrested Blanco.[1]

Cannaday had no reason to lie about Blanco under these circumstances and she had reasons to tell the truth. See United States v. Foree, 43 F.3d 1572, 1576 (noting that a "controlled surveillance operation" is a situation in which the informant "is unlikely to lie"). Just as in Foree, if Cannaday had been lying about Blanco, her "lies would likely be discovered in short order and favors falsely curried would dissipate rapidly." Id. Cannaday would only have gotten herself

---

[1] The officers decided not to wait until Blanco delivered the drugs. It is the department's policy, based on safety concerns, not to put an officer in a position where someone is sitting behind them.

into deeper trouble by lying about Blanco. Under these circumstances, the officers had probable cause to arrest Blanco because it was reasonable to believe that he was in possession of crystal meth. See Lyons, 403 F.3d at 1253.

The fact that it turned out that Blanco did not have any crystal meth but instead was in possession of 49 pills of ecstasy does not matter. See id. at 1254. What matters is that the officers had probable cause to make the arrest. The search pursuant to that arrest was legal and the district court did not err in denying Blanco's motion to suppress.

**AFFIRMED.**