[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 24, 2009
THOMAS K. KAHN
CLERK

No. 09-11330
Non-Argument Calendar

_____

D. C. Docket No. 08-00230-CR-T-24-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAMARCUS WALTHUGH STILLING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 24, 2009)

Before BLACK, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Lamarcus Walthugh Stilling appeals his conviction for possession with intent to distribute five or more grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). The sole issue on appeal is whether the district court, in denying Stilling's motion to suppress the narcotics evidence that was seized during a traffic stop of his vehicle, erred by applying the inevitable discovery exception to the exclusionary rule. Stilling asserts the district court erred in denying his motion to suppress after finding the officer who conducted the initial stop lacked probable cause to do so, and that the inevitable discovery doctrine does not apply because the second deputy who arrived at the scene was not in "active pursuit" of Stilling prior to the initial stop. After review, we affirm Stilling's conviction.

"[We review] a district court's denial of a defendant's motion to suppress under a mixed standard of review, reviewing the district court's findings of fact under the clearly erroneous standard and the district court's application of law to those facts *de novo*." *United States v. Desir*, 257 F.3d 1233, 1235-1236 (11th Cir. 2001). Under the Fourth Amendment, individuals are protected from unreasonable searches and seizures by the government. *See Terry v. Ohio*, 88 S. Ct. 1868, 1873 (1968). This safeguard extends to "brief investigatory stops of persons or vehicles that fall short of traditional arrest." *United States v. Arvizu*, 122 S. Ct. 744, 750 (2002). Accordingly, "an officer's actions during a traffic stop must be

2

'reasonably related in scope to the circumstances which justified the interference in the first place'. . . [and] the duration of the traffic stop must be limited to the time necessary to effectuate the purpose of the stop." *United States v. Purcell*, 236 F.3d 1274, 1277 (11th Cir. 2001) (quoting *Terry*, 88 S. Ct. at 1879).

When evidence is obtained in violation of the Fourth Amendment, it may not be used in a criminal prosecution against the victim of the illegal search and seizure. *Wong Sun v. United States*, 83 S. Ct. 407, 416 (1963). The exclusionary rule, however, is not without limits. *See Murray v. United States*, 108 S. Ct. 2529, 2534 (1988) (explaining both the inevitable discovery and independent source doctrines). Under the inevitable discovery exception to the exclusionary rule, "there must be a reasonable probability that the evidence in question would have been discovered by lawful means, and the prosecution must demonstrate that the lawful means which made discovery inevitable were being actively pursued prior to the occurrence of the illegal conduct." *Jefferson v. Fountain*, 382 F.3d 1286, 1296 (11th Cir. 2004).

The district court did not err in denying Stilling's motion to suppress because the evidence fell within the inevitable discovery exception to the exclusionary rule. With respect to the legality of the stop, the court determined (1) Deputy Lajic had probable cause to stop Stilling based on the two traffic

citations he issued, and (2) Deputy Lajic's testimony was consistent, credible, and not rebutted by the evidence. While Stilling asserts the district court erred in finding Deputy Lajic's testimony credible, this Court accords great deference to the district court's credibility determinations, *United States v. Clay*, 376 F.3d 1296, 1302 (11th Cir. 2004). The district court specifically found Deputy Lajic was credible based on his uncontroverted testimony that Stilling was speeding and driving at night without his headlights on. Notwithstanding Stilling's attempts to contradict Deputy Lajic's testimony, nothing in the record indicates the district court clearly erred in finding Deputy Lajic credible.

Nor did the court clearly err in finding Deputy Lajic was in "active pursuit" of Stilling. With respect to this element of the inevitable discovery exception, the court found both Deputy Lajic and Deputy Ortiz were participating in the stop, and Deputy Lajic "would have stopped Lamarcus Stilling for speeding and not having his headlights on." The court also noted Deputy Lajic was on the lookout for Stilling "in hopes that [Stilling] would commit a traffic violation that would give [Deputy Lajic] probable cause to stop [Stilling]." The fact Deputy Ortiz was in front of Deputy Lajic, and was able to stop Stilling seconds before Deputy Lajic, did not controvert the court's finding that Deputy Lajic was in active pursuit of Stilling.

Furthermore, the district court's application of the inevitable discovery doctrine falls squarely within this Circuit's jurisprudence. As in *Jefferson*, the police had information that caused them to focus their attention on Stilling even before the stop. *See Jefferson*, 382 F.3d at 1296. Moreover, and assuming the stop by Deputy Ortiz had not occurred, Deputy Lajic was seconds behind Deputy Ortiz in stopping Stilling and would have lawfully stopped him based on the traffic violations Stilling had committed. As Deputy Lajic testified, he was looking for probable cause to stop this particular vehicle, which had been identified as coming from a high drug-trafficking area. Upon a lawful stop of Stilling's vehicle, Deputy Lajic would have inevitably discovered the cocaine in Stilling's vehicle. There was a reasonable probability the drugs would have been discovered during Deputy Lajic's stop, and Deputy Lajic was actively pursuing Stilling prior to Deputy Ortiz's stop. *See Jefferson*, 382 F.3d at 1296.

The district court also did not err in finding both the duration of the stop and the search itself were legal. Approximately ten minutes passed between the time when deputies pulled Stilling over and the time when the canine unit arrived. Ten minutes to issue the traffic citations and wait for the canine unit's arrival represents a time frame that falls within the ambit of "the time necessary to effectuate the purpose of the stop." *See Purcell*, 236 F.3d at 1277. Similarly, the district court

did not err in finding there was probable cause to conduct the search based on the deputies' knowledge that Stilling had just come from a high drug-trafficking area and the drug dog's exterior alert to the presence of drugs in Stilling's vehicle.

The district court did not err in applying the inevitable discovery exception to the exclusionary rule because: (1) there was a reasonable probability the narcotics would have been discovered by means of a lawful traffic stop; and (2) the lawful means that made discovery inevitable were being actively pursued prior to the occurrence of the unlawful stop. Accordingly, we affirm Stilling's conviction.

**AFFIRMED.**